Jeff D. ARONSOHN; Evelyn J. Aronsohn, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE; United States of America.

No. 92–7444.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 25, 1993.

Decided March 17, 1993.

basis of the undisputed facts of this case, we will affirm the district court's grant of summary judgment.

Patrick M. Connolly, Scranton, PA, for appellants.

James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Jonathan S. Cohen, Billie L. Crowe, David A. Shuster, Tax Div., Dept. of Justice, Washington, DC (James J. West, U.S. Atty., of counsel), for appellee.

Before: MANSMANN, SCIRICA and FEINBERG,* Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

We are asked to interpret Internal Revenue Code waiver Form 870–AD on appeal from the district court's final order of June 17, 1992, granting summary judgment in favor of the United States of America. The Aronsohns contend that the language of Form 870–AD plainly indicates that an agent may bindingly execute the agreement represented in that Form on behalf of his client only after the client has granted a power of attorney beyond the authority implicit in a general power of attorney. The Aronsohns further contend that a taxpayer may not be equitably estopped from violating the terms of an informal Form 870–AD tax settlement agreement, which unambiguously states that the taxpayer will refrain from filing for a refund in exchange for certain Internal Revenue concessions.

We hold that Form 870–AD does not mandate a grant of power of attorney, but may be properly executed by an agent acting pursuant to a general power of attorney. We also hold that a remedy may lie in equity to uphold the terms of a Form 870–AD tax settlement. Accordingly, on the

I.

On September 2, 1986, and again on March 15, 1988, the Aronsohns executed a Form 2848 Power of Attorney and Declaration of Representative, authorizing Joseph J. Earyes, CPA, to act as a representative of their interests before the Internal Revenue Service regarding the matter of taxes and penalties assessed against them for the tax years 1983–85 and 1986–87 respectively. Pursuant to these appointments, Earyes represented the Aronsohns in the appeal process of their federal tax liabilities,[1] during which Earyes signed Form 870–AD, "Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and of Acceptance of Overassessment", on behalf of the Aronsohns, but without their specific consent beyond the general power of attorney. Form 870–AD provides,

> [T]his offer may be executed by the taxpayer's attorney or agent provided this action is specifically authorized by a power of attorney which, if not previously filed, must accompany the form.

Form 870–AD expedites the settlement of deficiencies by virtue of the taxpayer's waiver of certain IRS restrictions in order to spare the taxpayer additional penalties and interest, but does not per se preclude an action for refund, as is the case when the taxpayer executes a formal closing agreement. The Form does, however, provide that "[i]f this offer is accepted by the Commissioner, the case shall not be reopened in the absence of fraud, malfeasance....; and no claim for refund or credit shall be filed or prosecuted for the year(s) stated [herein]...." Although an 870–AD waiver does not automatically preclude a refund action, the courts have in

---

\* Honorable Wilfred Feinberg of the United States Court of Appeals for the Second Circuit, sitting by designation.

1. For example, pursuant to his power of attorney, Earyes prepared and signed the Aronsohns' protest of the IRS' disallowance of certain claimed business expenses for tax years 1983–86, and appeared at an appeals conference on behalf of the Aronsohns.

some cases precluded such actions on the theory of equitable estoppel.

The Aronsohns did file a subsequent claim for refund for the tax years covered by the 870–AD settlement, which was denied by the IRS, and the present suit was initiated in the district court. The Aronsohns appeal the district court's grant of the government's cross-motion for summary judgment, which held that Earyes was the Aronsohns' duly authorized representative with power to sign the 870–AD settlement on their behalf, and further that the Aronsohns were equitably estopped from maintaining their refund suit.

## II.

We must decide whether the district court erred in finding that Earyes was "specifically" authorized, under the Form 2848 Power of Attorney vested in him, to execute Form 870–AD on behalf of the Aronsohns. Also at issue is whether the district court erred in finding that the Aronsohns were equitably estopped from filing for refunds for the pertinent years.

## A.

█ We note initially that IRS Form 2848, which the Aronsohns properly executed twice to cover all of the years in question, expressly provides authorization for the attorney-in-fact "to perform any and all acts that the principal(s) can perform" with respect to the specified tax matters, excluding "the power to receive and refund checks, and the power to sign the return ... unless specifically granted." The Aronsohns argue that Form 870–AD's terms, requiring the taxpayer's executing attorney or agent to be "specifically" authorized by a power of attorney, mandates additional authorization beyond the general power of attorney granted in Form 2848.

We disagree and find little basis to support the Aronsohns' contention. Nor do we find any evidence which shows that the

Aronsohns intended to limit Earyes' power of attorney in a way which casts doubt on the legitimacy of his signature on the 870–AD settlement. Furthermore, Earyes' signature on the 870–AD settlement does not fall within the explicit exception to his broad authority under Form 2848, as the Aronsohns claim. We thus hold that the 870–AD settlement was effective when Earyes signed on behalf of the Aronsohns and it was accepted for the Commission.

Although we are not persuaded by the Aronsohns' arguments, particularly in light of the facts and circumstances of this case, we note that Form 870–AD could be amended to eliminate any possible ambiguity concerning "specific" authorization. We are sure the Commissioner will agree that ambiguity does not serve the interest of either the government or the taxpayer.

## B.

█ We are also in agreement with the general principle that an informal Form 870–AD settlement agreement which includes in its terms an explicit preclusion of refund or credit claims for the years covered under the settlement may equitably bind the taxpayer by estoppel from bringing a subsequent refund action. *See Elbo Coals, Inc. v. United States,* 763 F.2d 818, 820 (6th Cir.1985); *Stair v. United States,* 516 F.2d 560, 564–65 (2d Cir.1975); *General Split Corp. v. United States,* 500 F.2d 998, 1003–04 (7th Cir.1974); *Cain v. United States,* 255 F.2d 193, 199 (8th Cir.1958); *Daugette v. Patterson,* 250 F.2d 753, 756 (5th Cir.1957), *cert. denied,* 356 U.S. 902, 78 S.Ct. 561, 2 L.Ed.2d 580 (1958); *see also Flynn v. United States,* 786 F.2d 586, 590, 591, n. 7 (3d Cir.1986) (a valid Form 870–AD settlement may "foreclose all objection to the imposition of the agreed upon taxes"). In this case, the IRS detrimentally relied on the Aronsohns' consent in the 870–AD agreement not to file a refund claim when the IRS waived its right to collect more than $10,000 in penalties.[2] We

2. It is not disputed that the government was adversely affected by the fact that at the time the Aronsohns filed the refund claim, the statute of limitations had expired on assessment and

collection of a portion of the proposed penalties, which portion the government tallies at $3,408. Br. for Appellee at 20. In addition, the government claims to have been prejudiced by

hold that, because the 870–AD settlement evidences the Aronsohns' consent to the assessment and collection of the deficiencies it sets forth and the waiver of the Aronsohns' right to make a claim for refund for the years provided therein, the Aronsohns were equitably estopped from filing their refund suit.

### III.

No genuine issues of material fact exist regarding Earyes' authority to sign Form 870–AD on the Aronsohns' behalf, and the district court did not err as a matter of law in applying the doctrine of equitable estoppel to bar their refund suit. Accordingly, we hold that the district court properly entered summary judgment in favor of the Government.

For the foregoing reasons, we will affirm the order of the district court dated June 17, 1992.

the fact that the Aronsohns' claim was filed with little over one month remaining on the statute of limitations for assessment of additional taxes for 1984–85, and was filed more than three months after the IRS closed the case, making it virtually impossible administratively to assess the previously waived penalties.