Maurice D. CONVERSE, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 5:92 CV 1255.

United States District Court, N.D. Ohio, E.D.

Aug. 23, 1993.

---

J. Michael Gatien, Geiger, Teeple, Smith & Hahn, Alliance, OH, for plaintiffs.

Robert L. Handros, Washington, DC, for defendant.

## MEMORANDUM OPINION

DOWD, District Judge.

The above-captioned case is before the Court on the joint stipulation of facts (Docket # 15) and briefs of the parties (Docket ## 17, 19, 20).

### I. BACKGROUND [1]

Pursuant to an audit, by letter dated December 4, 1987, the District Director of Internal Revenue proposed deficiencies and penalties in the 1984 and 1985 income taxes [2] of the plaintiff taxpayers in the total amount of $237,323.00. (Stip. 1).

The taxpayers took an administrative appeal from the proposal to the Regional Appeals Office of the Internal Revenue Service. As a result of that appeal, on March 15, 1989, the taxpayers submitted an offer of waiver of restrictions on assessment and collection of deficiency in tax (Form 870–AD), providing for a total of $91,120.09 in tax deficiencies and penalties. (Stip. 2). The Form 870–AD was accepted on behalf of the IRS Commissioner on June 23, 1989. (Stip. 3).

1. This background narrative is a paraphrase of the stipulation of facts submitted by the parties and attached to this Memorandum Opinion as Exhibit 1.

2. The taxpayers' 1984 income tax return was filed on October 15, 1985; their 1985 return was filed on October 15, 1986. On March 12, 1988, the taxpayers executed Form 872–A, Special Consent to Extend the Time to Assess Tax, extending the time to assess additional tax for 1984 to the date of assessment of an increase in tax for that year. (Stip. 5). The assessment was thereafter made on July 18, 1989. (Stip. 4).

The deficiencies and penalties provided for on Form 870–AD were assessed on July 18, 1989, and subsequently paid, with interest. The IRS did not assess or propose to assess any income tax liabilities for 1984 or 1985 beyond those provided in the executed Form 870–AD. (Stip. 4).

On or about March 30, 1990, the taxpayers submitted to the IRS claims for refund (Form 843) of the penalties. (Stip. 6). On September 27, 1990, an IRS agent issued a report recommending abatement of the penalties. (Stip. 7).

On January 7, 1991, the IRS sent to the taxpayers Forms 8488 for the tax years 1984 and 1985, showing abatement of the penalty and interest assessed for 1984 in the amount of $2,505.92, and abatement of the penalty and interest for 1985 in the amount of $17,-480.16. (Stip. 8).

On January 7, 1991, the IRS also refunded to the taxpayers the amount rebated for 1984, with statutory interest of $201.32, for a total of $2,707.24. However, the IRS made no refund for 1985. By letter dated April 28, 1992, the IRS explained its reasons for refusing to make a refund for 1985 and requested repayment of the refund for 1984 as erroneous. (Stip. 9).

The taxpayers refused to repay the refund for 1984 and filed this action for refund for 1985. The Government counterclaimed to recover the amount refunded for 1984. (Stip. 10). The taxpayers' complaint was filed on June 23, 1992. The Government's counterclaim was filed on January 7, 1993.

## II. DISCUSSION [3]

Plaintiff taxpayers assert that, by accepting and acting upon the claims for refund submitted on March 30, 1990, the IRS waived the requirements of Form 870–AD. They further assert that the language of Form 870–AD is contradictory because it purports to prevent taxpayers from, in plaintiffs' words, "reopening a disputed tax case," (Plaintiffs' Brief at 4), while at the same time stating that the Form does not constitute a settlement agreement under 26 U.S.C. § 7121.[4] Defendant, on the other hand, asserts that plaintiffs were equitably estopped from filing a claim for refund in the first place and that plaintiffs should be required to repay the erroneously granted 1984 refund.

### A. Plaintiffs' Complaint for 1985 Refund

 As explained by the Third Circuit, Form 870–AD expedites the settlement of deficiencies by virtue of the taxpayer's waiver of certain IRS restrictions in order to spare the taxpayer additional penalties and interest, but does not per se preclude an action for refund, as is the case when the taxpayer executes a formal closing agreement.

*Aronsohn v. C.I.R.*, 988 F.2d 454, 455 (3d Cir.1993). By the terms of Form 870–AD, the taxpayer waives, pursuant to I.R.C. § 6213(d), the restrictions found in I.R.C. § 6213(a),[5] which states that a taxpayer has 90 days after the mailing of a deficiency notice to petition the Tax Court for a redetermination and that during those 90 days or, if a petition is filed, until the Tax Court decision is final, the IRS may not initiate collection proceedings.

Form 870–AD also provides that

[i]f this offer is accepted for the Commissioner, the case shall not be reopened in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, [or] an important mistake in mathematical calculation ...; *and no claim for refund or credit shall be filed or prosecuted for the year(s) stated* [in the completed Form] other than for amounts attributed to carrybacks provided by law. (Emphasis added).

---

3. This section of the Memorandum Opinion constitutes the requisite conclusions of law.

4. Hereafter, references to Title 26, the Internal Revenue Code, will be made as "I.R.C. § ——."

5. At first blush, the idea of the taxpayer waiving restrictions sounds inconsistent. However, the term "restrictions" is used because that is the language in I.R.C. § 6213. Actually, the taxpayer is waiving the right to petition the Tax Court for a redetermination of the deficiency while at the same time authorizing the IRS to assess the amounts agreed to, without regard for the time limits set out in Section 6213(a).

(Stip., Exhibit A). The parties agree that the IRS never reopened the case or tried to assess further deficiencies or penalties for either of the tax years in question.

On July 18, 1989, the period for assessing deficiencies and penalties for tax year 1984 expired, pursuant to the extension of time agreed to by the parties in Form 872–A. *See,* Exhibit B and I.R.C. § 6501(d). On October 15, 1989, the period for assessing deficiencies and penalties for tax year 1985 expired, based on the date of the filing of the 1985 return. *See,* I.R.C. § 6501(a).

Despite taxpayers' agreement in Form 870–AD not to file a claim, they *did* file two claims on March 30, 1990 (one for each tax year), after the statute of limitations had already run on the assessment of any further deficiencies. Although, as the *Aronsohn* court pointed out, Form 870–AD does not per se prohibit filing a claim for refund, the Sixth Circuit Court of Appeals has held that in situations such as this the taxpayer is equitably estopped from asserting any such claim. *Elbo Coals, Inc. v. United States,* 763 F.2d 818 (6th Cir.1985) (citing *Stair v. United States,* 516 F.2d 560 (2d Cir.1975)).[6]

■ Plaintiffs' waiver argument has no merit. In the first place, the very old Supreme Court cases cited by plaintiffs for the proposition that, where the IRS considers a claim on its merits, it waives any failure to comply with IRS regulations, simply do not apply. In all of those cases, the Court was referring to technical, not substantive, violations. The IRS cannot, through mistakenly granting a refund, "waive" a tax liability created by law. If that were so, every time an IRS agent made a mistake which resulted

in an erroneous refund, it would be a windfall to the taxpayer.

In this case, the taxpayers willingly signed Form 870–AD thereby consenting to the assessments and penalties and agreeing that neither the IRS nor they themselves could modify the amounts by way of further assessments (by the IRS) or claims for refund (by the taxpayers).

When the taxpayers filed their two claims, they completely failed to point out the existence of the previously signed and accepted Form 870–AD governing tax years 1984 and 1985. *See,* Stip. Exhibits C and D. As a result, the IRS agent, in good faith, examined the claim and recommended a refund, *See,* Stip. Exhibit E, not realizing that a refund was impossible because the parties had already agreed that none could be pursued, absent very narrow circumstance which do not exist here. The refunds authorized, *See* Stip. Exhibits F and G, were erroneous as was the payment by the IRS of a refund for tax year 1984.

Accordingly, this Court, holding that plaintiffs were not entitled to a refund of penalties paid on tax deficiencies assessed for the 1984 and 1985 tax years, finds in favor of the defendant on all counts of plaintiffs' complaint.

### B. The Government's Counterclaim for Repayment

■ The Government is entitled, under I.R.C. §§ 7405 and 6532(b), to bring a civil action to recover an erroneous refund within two years of the issuance of the refund. Here, the refund for tax year 1984 was given on January 7, 1991. The Government timely filed its counterclaim for repayment of the refund on January 7, 1993.[7] Since the re-

---

6. In their reply brief, the taxpayers make much of the fact that there is no stipulation that the parties reached any agreement to "reduce the deficiency penalties," but that the administrative appeal was taken "to correct IRS errors." (Reply Brief at 1). In its brief at page 3, defendant asserted that "the government agreed to a substantial reduction in the amounts of the tax deficiencies and penalties originally proposed." Plaintiffs cannot seriously deny that this is a true statement, even absent a stipulation to that effect. At the time Form 870–AD was executed, the IRS had proposed over $200,000 in taxes and penalties. By means of Form 870–AD, the parties

agreed to reduce that amount to just over $91,-000 and to thereafter let the matter rest. If the distinction raised by plaintiffs even exists, it is a distinction without a difference.

7. I.R.C. § 6532(b) also provides a five-year statute of limitations in cases where it appears that the refund was induced by a misrepresentation of material fact by the taxpayer. In this case, plaintiffs' failure to mention the executed Form 870–AD in their claims arguably constitutes a misrepresentation. However, the Court need not decide this issue, since the Government filed its

fund was given in error, as decided above, the Government is entitled to a repayment of the refund, with interest from the date of the payment of the refund, at the rate established under I.R.C. § 6621. I.R.C. § 6602.

I.R.C. § 6404(e)(2) provides that

—The Secretary shall abate the assessment of all interest on any erroneous refund under section 6602 until the date demand for repayment is made, unless—

(A) the taxpayer (or a related party) has in any way caused such erroneous refund, or

(B) such erroneous refund exceeds $50,000.

Although the taxpayers arguably "caused such erroneous refund" by their improper filing of claims and by failing to draw the executed Form 870–AD to the attention of the IRS agent processing the claim, this Court also finds that the failure of the IRS to properly search its own records to ascertain the existence of any impediment to the claim (such as a Form 870–AD) helped to cause the erroneous refund. Therefore, the Court finds that the Government must abate any interest until April 28, 1992, the date when demand for repayment was officially made. *See*, Stip. Exhibit H.

Accordingly, the Court finds for the defendant on its counterclaim and orders that the taxpayers repay the erroneous 1984 refund, with interest from April 28, 1992.

## III. CONCLUSION

Having considered the stipulation of facts and the briefs of the parties in the above-captioned matter, the Court finds in favor of the Government on all claims asserted in plaintiffs' complaint. Further, the Court finds in favor of the Government on its counterclaim.

IT IS SO ORDERED.

### EXHIBIT 1

March 12, 1993.

### STIPULATION OF FACTS

Plaintiffs and defendant stipulate to the truth of the following facts:

counterclaim within two years of the granting of the refund.

1. Pursuant to an audit, by letter dated December 4, 1987, the District Director of Internal Revenue proposed deficiencies and penalties in the income taxes of the plaintiff taxpayers as follows:

| Year | Tax Deficiencies | Penalties |
|------|------------------|-----------|
| 1984 | $ 9,824.00 | $ 491.00 |
| 1985 | 216,126.00 | 10,882.00 |

2. The taxpayers took an administrative appeal from the proposal of the District Director to the Regional Appeals Office of the Internal Revenue Service. As a result of that appeal, the taxpayers, on March 15, 1989, submitted to the Appeals Office an offer of waiver of restrictions on assessment and collection of deficiency in tax (Form 870–AD), providing for deficiencies and penalties as follows:

| Year | Tax Deficiencies | Penalties |
|------|------------------|-----------|
| 1984 | $ 7,158.60 | $ 2,431.90 |
| 1985 | 64,801.72 | 16,727.87 |

3. The Form 870–AD was accepted on behalf of the Commissioner of Internal Revenue on June 23, 1989. A copy of the Form 870–AD is attached hereto and marked Exhibit A.

4. The deficiencies and penalties provided for on the Form 870–AD were assessed on July 18, 1989, and subsequently paid, with interest. The Internal Revenue Service did not assess or propose to assess any income tax liabilities for the years involved in addition to those provided in the Form 870–AD.

5. The taxpayers filed their income tax returns for 1984 and 1985 on October 15, 1985, and October 15, 1986, respectively. On March 12, 1988, the taxpayer executed Special Consent to Extend the Time to Assess Tax (Form 872–A), extending the time to assess additional tax for 1984 to the date of assessment of an increase in tax for that year. A copy of the Form 872–A, which was accepted on behalf of the District Director of Internal Revenue on March 24, 1988, is attached hereto and marked Exhibit B.

6. On or about March 30, 1990, the taxpayers submitted to the Internal Revenue

Service claims for refund (Form 843) of the penalties. Copies of the claims for refund are attached hereto and marked Exhibits C and D.

7. On September 27, 1990, an Internal Revenue Agent issued a report recommending abatement of the penalties. A copy of the report is attached hereto and marked Exhibit E.

8. On January 7, 1991, the Internal Revenue Service sent to the taxpayers Forms 8488 for the years 1984 and 1985, respectively, copies of which are attached hereto and marked Exhibits F and G, showing abatement of the penalty and interest assessed for 1984 in the amount of $2,505.92 and abatement of the penalty and interest assessed for 1985 in the amount of $17,480.16.

9. On January 7, 1991, the Internal Revenue Service refunded to the taxpayers the amount abated for 1984, with statutory interest of $201.32, a total of $2,707.24. However, the Service made no refund for 1985. By letter dated April 28, 1992, a copy of which is attached hereto and marked Exhibit H, the Service explained its reasons for refusing to make a refund for 1985 and requested repayment of the refund for 1984 as erroneous.

10. The taxpayers refused to repay the refund for 1984 and filed this action for refund for 1985. The Government counterclaimed to recover the amount refunded for 1984.

11. The parties agree that this action may be submitted on this stipulation and that no further evidence will be submitted. The parties waive jury trial. It is in the understanding of counsel that the Court will set a briefing schedule.

/s/ J. Michael Gatien

J. MICHAEL GATIEN

Geiger, Teeple, Smith & Hahn

Attorney for Plaintiffs

/s/ Robert L. Handros

ROBERT L. HANDROS

Trial Attorney, Tax Division

U.S. Department of Justice

Attorney for Defendant

### JUDGMENT ENTRY

For the reasons set forth in the Memorandum Opinion filed contemporaneously with this Judgment Entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Court finds in favor of the defendant United States of America on all claims asserted in plaintiffs' complaint. Further, the Court finds in favor of the defendant on its counterclaim and orders plaintiffs Maurice D. Converse and Louise M. Converse to repay the erroneous 1984 refund, in the amount of $2,707.24, with interest from April 28, 1992 at the rate established by 26 U.S.C. § 6621. Case closed, with each party to bear its own costs.