Gaylon L. **HARRELL**, Plaintiff–
Appellant,

v.

**UNITED STATES of America,**
Defendant–Appellee.

No. 91–2077.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 16, 1993.

Decided Dec. 30, 1993.

John Y.E. Lee (argued), Oppenheimer, Wolff & Donnelly, Chicago, IL, for plaintiff-appellant.

Gary R. Allen, Joel A. Rabinovitz, William S. Estabrook, Annette M. Wietecha (argued), Dept. of Justice, Tax Div., Appellate Section, Washington, DC, J. William Roberts, U.S. Atty., James A. Lewis, Asst. U.S. Atty., Springfield, IL, John A. Lindquist, III, Dept. of Justice, Tax Div., Appellate Section, Washington, DC, for defendant-appellee.

Before POSNER, Chief Judge, and COFFEY and KANNE, Circuit Judges.

POSNER, Chief Judge.

A taxpayer brought suit under the federal "quiet title" act, 28 U.S.C. § 2410, challenging a levy that the Internal Revenue Service had placed against his wages because he had failed to pay income tax in 1985 and 1986. The district court dismissed the suit on the ground that it was not within the scope of the quiet-title act and anyway was barred by the "anti-injunction" act, 26 U.S.C. § 7421, which forbids the maintenance of a suit brought "for the purpose of restraining the assessment or collection of any [federal] tax."

The quiet-title act waives the federal government's sovereign immunity with respect to suits to determine title to real or

personal property on which the United States has or claims a lien. 28 U.S.C. § 2410(a). The government argues, correctly in our view, that the act is inapplicable both to Harrell's wages that have already been paid over to the Internal Revenue Service by his employer pursuant to the levy and to wages that Harrell has not yet earned but expects to earn in the future. As to the former, the government now has not a lien on but title to the money, *Hughes v. United States,* 953 F.2d 531, 538 (9th Cir.1992); *Farr v. United States,* 990 F.2d 451, 453 (9th Cir.1993), and Harrell's remedy, if he believes he does not owe that amount of money to the government in unpaid taxes, is to bring a suit for refund. As to the latter, Harrell may have a contract claim but he has no property right in wages that he has not yet earned, his entitlement to them being contingent on his continued employment. *Wagner v. United States,* 573 F.2d 447, 454 (7th Cir.1978); *United States v. Long Island Drug Co.,* 115 F.2d 983, 986 (2d Cir.1940). Without a colorable title, he has no basis for a quiet-title suit.

This leaves, however, wages that Harrell has already earned but that have not yet been paid over to the government pursuant to the levy. Once an employee has earned wages by having done the work that under his explicit or implicit employment contract entitles him to those wages, he has a vested right to them. *Colosi v. Electri–Flex Co.,* 965 F.2d 500, 504 (7th Cir.1992); *In re Northwest Engineering Co.,* 863 F.2d 1313, 1316 (7th Cir.1988); *National Metalcrafters v. McNeil,* 784 F.2d 817, 820, 823 (7th Cir. 1986); Illinois Wage Payment and Collection Act, 820 ILCS 115. If the government claims a lien in them by virtue of a levy, the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed. Of course if Harrell is concerned not with the levy itself but with the tax assessment that motivated it, he has chosen the wrong remedy. His remedy is to challenge the assessment in the Tax Court. But insofar as his concern is with the levy itself, that is, with the deducting of money from his paycheck for payment over to the IRS, he has not misconceived his remedy. This would be clearer if the proper-

ty he was claiming were something other than cash. Suppose the government had seized an heirloom of Harrell's and proposed to sell it in order to collect taxes that the government claims he owed. Even if Harrell admitted that he owed the taxes, he could challenge by way of a quiet-title action the government's claim of a lien in the heirloom, assuming the lien was for some reason not authorized by law. We think the principle should be the same when the form the property takes is a vested right to cash wages. *Farr v. United States, supra,* 990 F.2d at 453; *Hughes v. United States, supra,* 953 F.2d at 538. The anti-injunction act is no obstacle. It bars a suit challenging the collection or assessment of taxes, but not a suit to remove a lien without questioning the entitlement of the government to collect the taxes in some other way. *Robinson v. United States,* 920 F.2d 1157, 1159–61 (3d Cir. 1990); *In re Estate of Johnson,* 836 F.2d 940, 948 (5th Cir.1988). If a taxpayer tries to defeat the government's efforts at assessment or collection by filing groundless suits to prevent the government from levying on his assets to collect the taxes that he owes, the government's remedies include dismissal, sanctions, an injunction against vexatious litigation—or, as we shall see, recharacterization of the taxpayer's conduct as a de facto effort to enjoin the collection of taxes, thus bringing the anti-injunction act into play.

All the quiet-title act does is waive sovereign immunity. It does not authorize quiet-title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit. Harrell has no problem, however, finding a basis for federal jurisdiction for his quiet-title suit; it is 28 U.S.C. § 1340, which bestows on the federal district courts original jurisdiction of any civil action arising under the internal revenue laws. Harrell's claim is that the levy on his wages violated the provisions authorizing federal tax liens; that claim arises under the Internal Revenue Code and is therefore within the jurisdiction conferred by section 1340. But nothing in that section or for that matter in section 2410 itself prescribes the remedial details of the quiet-title

action, and for these the courts have usually turned to state law. *United States v. Brosnan*, 363 U.S. 237, 241–42, 80 S.Ct. 1108, 1111–12, 4 L.Ed.2d 1192 (1960); *Dupnik v. United States*, 848 F.2d 1476, 1484 (9th Cir. 1988); *McEndree v. Wilson*, 774 F.Supp. 1292, 1295–96 (D.Colo.1991).

Now Illinois appears—no stronger word is possible—not to allow a quiet-title action with respect to personal property unless it is closely related to real estate, for example proceeds of the sale of land. *American Invs–Co Countryside, Inc. v. Riverdale Bank*, 596 F.2d 211, 216 n. 9 (7th Cir.1979); *Crawford Realty & Development Corp. v. Woodlawn Trust & Savings Bank*, 382 Ill. 354, 47 N.E.2d 81, 84 (1943). But this cannot be the end of the inquiry. A federal suit to clear a federal tax lien is governed by federal law—federal common law if the applicable statutes have gaps. *United States v. Brosnan, supra*, 363 U.S. at 240–42, 80 S.Ct. at 1111–12; *Dupnik v. United States, supra*, 848 F.2d at 1484; *McEndree v. Wilson, supra*, 774 F.Supp. at 1295–96. For a variety of reasons having mainly to do with the paucity of federal common law rules and the desirability of keeping the law as simple as possible, federal courts asked to make federal common law do so usually by adopting state law. *Powers v. U.S. Postal Service*, 671 F.2d 1041, 1043–44 (7th Cir.1982). They have done this to flesh out the section 2410 remedy, as we have just seen. But they must not adopt a rule of state law that is inconsistent with the goals of the underlying federal statute. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 728, 99 S.Ct. 1448, 1458, 59 L.Ed.2d 711 (1979). If Illinois' limitations on the scope of quiet-title actions means that Harrell has no effective remedy against the levy that he contends is unlawful, a federal court required to furnish the empty rooms of section 2410 is not bound by those limitations, for if it were, this would defeat the objective of allowing the owners of property in which the United States claims a lien to challenge the lien in federal court. Harrell can contest his tax liability by bringing a district-court suit for refund with respect to those taxes that the government has already collected through its wage levy and a Tax Court suit with respect to those taxes that

the government has not yet collected through the levy. But he cannot by either route challenge the levy itself as the method of collection. The quiet-title act provides the only route for such a challenge, and we do not think it should be disabled from performing this office just because Illinois would not permit the use of a quiet-title action to challenge a wage levy.

The question remains whether Harrell is in fact seeking to challenge the levy, as distinct from the tax assessment that led the Internal Revenue Service to impose it. At this stage of the inquiry the question whether the suit is within the waiver of sovereign immunity brought about by the quiet-title act and whether it is barred by the anti-injunction act merge. For if it is really a suit to challenge Harrell's tax liability rather than to challenge merely the means for enforcing that liability, it is both outside the scope of the quiet-title act and barred by the anti-injunction act.

Although the complaint states that the Internal Revenue Service did not follow proper procedures in placing a levy on Harrell's wages, the memorandum that Harrell (proceeding pro se) filed in the district court in support of his motion for injunctive relief explains that the reason the government was unable to comply with the requirements for a valid levy is that Congress has no constitutional authority over citizens of the states of the United States, as opposed to residents either of the District of Columbia or of U.S. territories and possessions. Lacking such authority the federal government could not make a valid tax assessment against Harrell and therefore had no basis for levying on his wages. Clearly, then, the challenge is not to the levy as a method of collection but to the taxes sought to be collected, and such a challenge cannot be brought under 28 U.S.C. § 2410 and is in any event barred by 26 U.S.C. § 7421. So the district court was correct that it had no jurisdiction over the case—and for another reason: Harrell's challenge to the tax assessment is frivolous, *United States v. Hilgeford*, 7 F.3d 1340, 1341–42 (7th Cir.1993), and frivolousness is an independent jurisdictional basis for dismissing a suit. *Ricketts v. Midwest*

*National Bank,* 874 F.2d 1177, 1180 (7th Cir.1989); *Crowley Cutlery Co. v. United States,* 849 F.2d 273, 276–77 (7th Cir.1988).

In thus going outside the complaint to find that the suit is frivolous, we do no violence to the many decisions which say that a plaintiff cannot amend his complaint by a brief that he files in the district court or the court of appeals. E.g., *Thomason v. Nachtrieb,* 888 F.2d 1202, 1205 (7th Cir. 1989); *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984). If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint. He is free however to submit documents which show that the complaint as worded encompasses a claim that would entitle him to relief. *Dawson v. General Motors Corp.,* 977 F.2d 369, 372 (7th Cir.1992); *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992); *Orthmann v. Apple River Campground, Inc.,* 757 F.2d 909, 914–15 (7th Cir.1985). These principles have nothing to do with this case. Suits are frequently dismissed as frivolous because of concessions made or facts established after the complaint was filed. That is all that happened here.

AFFIRMED.