21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Carlos SANTANA, Plaintiff/Appellant,
v.
M. STONE, et al., Defendants/Appellees.
 No. 93-1158.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1994.*
Decided March 30, 1994.
 
 Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Carlos Santana attempted to file a complaint in the district court in which he alleged that certain employees at the United States Penitentiary in Terre Haute, Indiana singled him out and harassed him. The district court denied his request to proceed in forma pauperis and dismissed his suit pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 2
 The district court may dismiss a complaint as frivolous under Sec. 1915(d) if its factual allegations and legal conclusions lack an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review the district court's determination for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992).
 
 
 3
 Santana complained of treatment by prison officials in the visiting room and the denial of visiting privileges. His claim relates to a confrontation with Officer Stone in the prison visitation room. According to the complaint, Santana had asked for permission to use the restroom, and Stone told him to wait for the hourly call. On appeal Santana argues that Stone denied his request because Santana is Cuban, a violation of his Fourteenth Amendment right to Equal Protection.
 
 
 4
 In his complaint he characterized the alleged denial of his request as retribution for his earlier threat to bring administrative charges against Officer Stone for not allowing his children to watch a cartoon on a previous visiting day. Not until his motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure did Santana allege that Stone discriminated against him on the basis of his race by refusing to allow Santana to use the bathroom while granting the requests of "non-Hispanic inmates". Prison officials may not treat members of a race or ethnic group differently from those of another unless there is a compelling state reason. See Black v. Lane, 824 F.2d 561 (7th Cir.1987); Madyun v. Thompson, 657 F.2d 868 (7th Cir.1981). However, even considering the statement in the Rule 59(e) motion, see Harrell v. United States, 13 F.3d 232 (7th Cir.1993), the district court did not abuse its discretion in dismissing the suit as frivolous. Santana's detailed complaint and his attached exhibits of his submissions in the prison administrative proceedings fail to make any mention of disparate treatment. Given that Santana's numerous descriptions of the events in the visiting room never indicated that other inmates were allowed to use the facilities when he was told to wait, the district court could have determined that his single statement, made for the first time in his motion to reconsider, that non-Hispanic inmates received preferential treatment, is "clearly baseless." Neitzke, 490 U.S. at 327; see Denton, 112 S.Ct. at 1733 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").
 
 
 5
 Santana also cites the visiting room incident to support his claim that Stone fabricated charges against him in order to discriminate against Santana as part of an ongoing pattern of harassment. Santana argues that Stone accused him of being disorderly only because Santana was speaking in Spanish; Santana denies that he was inciting disorderly behavior. The disciplinary committee concluded that Santana had demonstrated "insolence towards a staff member", a prison violation. Santana does not allege that the prison failed to afford him with the procedural due process procedures recited in Wolff v. McDonnell, 418 U.S. 539 (1974), nor does he argue that the evidence presented at the disciplinary proceedings was insufficient. His claim is limited to the fact of being charged. Santana's documents and his own admissions reveal that his visit was cut short due to his loud speech in the visiting room; he concedes in his attached documents that he answered a question in a loud voice. Prison officials must have the discretion to take appropriate action to maintain internal order. See Lundsford v. Bennett, No. 93-1763, slip op. at 14 (7th Cir. Mar. 16, 1994). We agree with the district court's determination that the claims concerning the visiting privileges have no arguable basis in law or fact.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs