23 F.3d 410
 73 A.F.T.R.2d 94-1793
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John W. HAND, Plaintiff/Appellant,
v.
UNITED STATES of America, Defendant/Appellee.
 No. 93-1203.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
Decided April 6, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 John W. Hand filed an action against the United States under 28 U.S.C. Sec. 2410, seeking the "return" of a certain amount of money, which he had remitted as a "deposit" with his 1986 tax return. Hand argues that his 1986 tax assessment was tainted by procedural defects and challenges the validity of the Certificate of Assessments and Payments produced by the Internal Revenue Service ("IRS"). The district court granted summary judgment in favor of the United States, Fed.R.Civ.P. 56, finding that the Certificate of Assessments and Payments was valid and that the Certificate in conjunction with a Summary Record of Assessments satisfied the requirements of 26 U.S.C. Sec. 6203 and 26 C.F.R. Sec. 301.6203-1. Hand appeals from that decision.
 
 
 2
 The government argues for the first time on appeal that the district court lacked subject matter jurisdiction because the United States did not waive its sovereign immunity to this suit. Because a ground for reversal may be raised for the first time on appeal "when the issue presented goes to the district court's subject matter jurisdiction," Walden v. Illinois Central Gulf R.R., 975 F.2d 361, 366 (7th Cir.1992), we will address the jurisdiction of the district court. See, e.g., Scalis v. Thornburgh, 891 F.2d 640, 644 n. 3 (7th Cir.1989), cert. denied, 494 U.S. 1083. It is well-established that the United States cannot be sued without its consent, United States v. Dalm, 494 U.S. 596 (1990), and that any waiver of the federal government's immunity to suit must be explicit. Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).
 
 
 3
 Hand relies on the quiet title provision, 28 U.S.C. Sec. 2410, which waives the federal government's sovereign immunity with respect to suits to determine title to real or personal property on which the United States has or claims a lien. Harrell v. United States, 13 F.3d 232, 233-34 (7th Cir.1993). Hand argues that his remittance to the IRS was intended as a "deposit" and thus, that the government could only claim a lien interest until an assessment of his tax liability was properly recorded. Because there was no proper assessment, Hand's argument continues, the government could not claim title to the "deposit," the subject of this "quiet title suit."[1]
 
 
 4
 Hand's argument fails because the government had a title interest, rather than a lien interest, in the money Hand remitted with his return. Section 6512(b)(2) of Title 26 provides that any amount remitted as estimated income tax for any taxable year is "deemed to have been paid" on the last day prescribed for filing the return. If any overpayment of income tax is claimed as a credit against estimated tax, then such amount is "considered as a payment" for the purpose of a refund suit. 26 U.S.C. Secs. 6513(d), 7422(d). Thus, the remittance was deemed as payment of taxes to which the government had a title interest. Hand's attempt to recharacterize the nature of the suit cannot by-pass the Code's requirement that a taxpayer must first file a claim for refund with the Secretary for the recovery of erroneously or illegally assessed taxes before a suit can be maintained in any court. 26 U.S.C. Sec. 7422. See Harrell, 13 F.3d at 234 (holding that for purposes of Sec. 2410, government has a title interest in taxpayer's wages that have already been paid over to the IRS by taxpayer's employer pursuant to a levy; if the taxpayer believes that he does not owe that amount to the government in unpaid taxes, his remedy is to bring a suit for refund).
 
 
 5
 In any event, 28 U.S.C. Sec. 2410 may not be used to collaterally attack the validity of a tax assessment, but may be used only to challenge the procedural irregularities of a lien. Geiselman v. United States, 961 F.2d 1, 4 (1st Cir.), cert. denied, 113 S.Ct. 261 (1992); Hughes v. United States, 953 F.2d 531, 537-39 (9th Cir.1992). Although Hand claims that he is not challenging the underlying tax liability,[2] his request for the "return" of the money remitted is, in essence, a request for relief from the assessment, a challenge not cognizable under Sec. 2410. Cf. Harrell, 13 F.3d at 234-35 (with respect to wages that taxpayer has already earned but that have not yet been paid over to the government pursuant to levy, a taxpayer's action under Sec. 2410 is proper only if the challenge is to the levy as a method of collection and not to the taxes sought to be collected). Accordingly, the judgment of the district court is VACATED and the case is REMANDED to the district court for dismissal for lack of subject matter jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The circuits have commented about whether there can be "payment of taxes" prior to the assessment of tax liability, but not in the context of quiet title actions. See, e.g., Ewing v. United States, 914 F.2d 499, 502-3 and n. 8 (4th Cir.1990) (see also cases cited therein). Since these cases do not concern the issue of title or lien in a taxpayer's remittance, we find them inapplicable
 
 
 [2]
 In 1989, Hand was notified by the IRS of his tax deficiency for the 1986 taxable year. Hand petitioned the United States Tax Court for a redetermination. Pursuant to an agreement between Hand and the government, the Tax Court entered a decision stating that Hand's tax deficiency for 1986 was $4,757 after taking into account the amount Hand already remitted