GAYLON L. HARRELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrell v. Commissioner
Docket No. 5446-93
United States Tax Court
T.C. Memo 1994-406; 1994 Tax Ct. Memo LEXIS 409; 68 T.C.M. (CCH) 471; 94-2 U.S. Tax Cas. (CCH) P47,968; August 18, 1994, Filed *409 Decision will be entered for respondent. Gaylon L. Harrell, pro se. For respondent: John W. Duncan. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By notice of deficiency issued on December 10, 1992, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
1989
$ 2,029
$ 428
$ 119
1990
1,909
390
105
At the time the petition was timely filed, petitioner resided in Latham, Illinois. The issues are whether the State of Illinois is a part of the United States so that income received by petitioner is includable in gross income and whether petitioner is liable for the additions *410 to tax. The facts may be summarized as follows. Petitioner did not file returns for either year before the Court. He had income from wages in the amounts of $ 18,646 and $ 18,030 for 1989 and 1990, respectively. Petitioner does not dispute that he received wages in the amount determined by respondent. Rather, he contends that he is a citizen of the sovereign State of Illinois and that the income that he received was not taxable by the United States. This Court warned petitioner that this argument was frivolous and that if he persisted with this argument this Court would impose damages under section 6673. Petitioner did not heed our warning. While this is the first time that petitioner has come before this Court, he and his arguments are no strangers to the Federal court system. On April 11, 1991, the United States District Court for the Central District of Illinois, dismissed petitioner's complaint seeking to enjoin a levy on his wages for unpaid taxes. The gravamen of his complaint appears to be the same as before this Court. Harrell v. United States, No. 91-3040, 1991 U.S. Dist. LEXIS 6773 (C.D. Ill. Apr. 11, 1991) (Harrell I), affd. 13 F.3d 232, 235 (7th Cir. 1993) *411 (Court of Appeals specifically rejected petitioner's argument as "frivolous"). While Harrell I was pending on appeal, petitioner raised the same issue in an unreported action before the same Court. The Court of Appeals affirmed in an unreported opinion. Harrell v. United States, 4 F.3d 996 (7th Cir. 1993) (Harrell II), [2] rejecting petitioner's argument. In that case damages were imposed. Petitioner's argument before us is no less frivolous than it was in Harrell I and Harrell II, and we sustain respondent's determinations with respect to the deficiencies and the additions to tax. We turn next to whether sanctions should be imposed. Section 6673(a) provides that, if *412 the Court determines that a taxpayer's position is frivolous or groundless, it may require the taxpayer to pay a penalty not in excess of $ 25,000. We specifically warned petitioner that, if he persisted in making the argument that he was not subject to tax, we would impose the penalty and that the penalty could at least double his liability. These warnings and the sanctions previously imposed apparently have not gotten his attention. Accordingly, we impose a penalty under section 6673 to be awarded to the United States in the amount of $ 3,000. Decision will be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Ct. App. 7th Cir. R. 53 generally prohibits references to unpublished opinions of that Court. Ct. App. 7th Cir. R. 53↩((b)(2)(iv), however, provides an exception in cases of res judicata and collateral estoppel. We refer to this opinion only to show that petitioner has unsuccessfully litigated this issue before.