48 F.3d 1221
 75 A.F.T.R.2d 95-1457, 95-1 USTC P 50,217
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John L. BALL, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-2125.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1995.*
Decided Feb. 28, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 Order
 
 1
 John Ball claims that he has a First Amendment right to refuse to pay taxes. (Since the tax laws apply to all citizens, regardless of their views of those laws, there is no First Amendment violation when taxes are sought from a tax protestor.) When the IRS filed notices of federal tax liens with various county recorders, Ball filed a seven-count suit to quiet title, for injunctive relief, and for damages for what he called unauthorized disclosures under 26 U.S.C. Sec. 7431. The district court, in a sixteen-page opinion, dismissed six of the seven counts with prejudice, dismissing the other one without prejudice, and Ball appeals.
 
 
 2
 In Counts I and II of his complaint, Ball contests the validity of the underlying tax assessment, arguing that the income tax is a "sham" that he is unobligated to pay. While this claim is frivolous, it is also a claim, in the context of an action to quiet title, over which the district court did not have jurisdiction. The waiver of sovereign immunity in 28 U.S.C. Sec. 2410(a) does not extend to collateral attacks on the merits of a tax assessment. Falik v. United States, 343 F.2d 38 (2d Cir.1965) (Friendly, J.); McMillen v. Dept. of Treasury, 960 F.2d 176 (1st Cir.1991); Aqua Car and Lounge v. Dept. of Treasury, 539 F.2d 935, 938 (3d Cir.1976). Cf. Harrell v. United States, 13 F.3d 232, 234 (7th Cir.1993). The exclusive remedy to the taxpayer is to either contest the deficiency in the tax court or pay the assessment and thereafter bring suit in the district court for a refund. Falik, 343 F.2d at 42. To the extent Count IV's assertions regarding the computation of a deficiency can be construed as a collateral attack on the assessment, it, too, is being brought in the wrong forum.
 
 
 3
 Count IV, however, can also be read as complaining of procedural irregularities regarding the lien, a matter over which we do have jurisdiction. Harrell, 13 F.3d at 234. Ball claims that the government failed to issue a proper deficiency notice. The government, in its motion for summary judgment, provided unrebutted evidence of the use of proper procedural formalities under 26 U.S.C. Sec. 6212. Ball's response on appeal is to claim that the United States accepted "the plaintiff's statement of facts as alleged in his complaint as true", and therefore the district court should have ignored the evidence the United States submitted in an appendix to its motion for summary judgment. In the alternative, Ball argues, because he was a pro se his "confusion" is excusable, and the case should be remanded as done in Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982). These contentions have no merit. It is plain from the face of the government's motion for summary judgment that it was presenting evidence in support of its motion, and taking a sentence out of context from the motion does not change this fact. Further, Ball cited Lewis v. Faulkner in his response to the summary judgment motion, so Ball can hardly claim that he was a pro se ignorant of the nature of a summary judgment motion, the concern that Lewis sought to address. Lewis, 689 F.2d at 102. Finally, Ball demonstrates no prejudice that resulted and does not controvert any material facts on appeal, complaining not that the government did not use his "last known address", but that the government did not demonstrate how it determined his last known address. Cf. Kincaid v. Vail, 969 F.2d 594, 599-600 (7th Cir.1992). A litigant's pro se status does not exempt her from the Federal Rules of Civil Procedure. Williams-Guice v. Board of Education (7th Cir. No. 94-1476, January 10, 1995) slip op. at 5.
 
 
 4
 Count V seeks to "quiet title" to prevent a levy on wages not yet earned by Ball. A tax lien does not attach to wages that a taxpayer has not yet earned. Harrell, 13 F.3d at 234. Section 2410 only covers property "on which the United States has or claims a mortgage or other lien." Without the lien, Sec. 2410 does not apply, there is no waiver of sovereign immunity, and suit is impossible.
 
 
 5
 While Count VI was dismissed without prejudice, it is still a final judgment which we have Sec. 1291 jurisdiction over to review. U.S. v. Wallace & Tiernan Co., 336 U.S. 793, 794 n. 1 (1949). It, like Count V, seeks to "quiet title" to prevent a levy on yet-to-be-earned wages, so it too is outside the bounds of Sec. 2410.
 
 
 6
 In Count VII, Ball complained of "disclosures of information in violation of 26 U.S.C. Sec. 6103 in the form of various lien and levy notices." Because Sec. 6103(k)(6) and the regulations thereunder expressly permit the IRS to disclose tax return information to the extent necessary to effect a lien or levy, we find that Ball has failed to demonstrate a meritorious claim. Long v. United States, 972 F.2d 1174 (10th Cir.1992); Maisano v. United States, 908 F.2d 408 (9th Cir.1990). We reserve for another day the question of whether the existence of a remedy under 26 U.S.C. Sec. 7433 precludes actions for unauthorized disclosure in the course of collection in violation of 26 U.S.C. Sec. 7431, as the United States contends.
 
 
 7
 Count III requested a writ of mandamus to force the United States to release records required under Treas.Reg. Sec. 301.6203-1. The government provided these forms during the litigation, the district court dismissed the claim as moot, and Ball does not challenge this finding.
 
 
 8
 We AFFIRM the district court's dismissal of counts I, II, V, and VI for lack of jurisdiction and count III for mootness. We AFFIRM the district court's grant of summary judgment of Counts IV and VII.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statement has been filed. Accordingly, the appeal is submitted on the briefs and the record