72 F.3d 132
 77 A.F.T.R.2d 96-679, 96-1 USTC P 50,099
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gaylon L. HARRELL, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-3736.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1995.*
Decided Dec. 13, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Gaylon L. Harrell appeals the Tax Court's decision to sustain the Commissioner's tax claims for 1989 and 1990 and to award an additional $3,000 penalty pursuant to 26 U.S.C. Sec. 6673(a).[1] During the tax court proceedings, Harrell pursued three claims, which he also raises on appeal. First, he claimed that as a citizen of Illinois, his earnings in that state could not be subjected to federal taxes. We have expressly rejected this claim as frivolous in a prior suit filed by Harrell. Harrell v. United States, 13 F.3d 232, 235 (7th Cir.1993). Second, Harrell claimed that the Commissioner lacks authority to administer and enforce the tax laws because the Secretary of the Treasury did not sign Treasury Department Order 150-10 (1982). This contention is also frivolous. The copy of the treasury order appended to the Appellant's Brief, states "/s/ Donald T. Regan," which is a typographical means of indicating a signature. We also note that Harrell's claim that only gain and profit, not wages and salaries, are taxable under the Sixteenth Amendment utterly lacks merit. See Cheek v. United States, 498 U.S. 192, 204-05 & n. 9 (1991) (noting that criminal defendant's constitutional arguments, including claim that Sixteenth Amendment never authorized tax on wages, but only on gain and profit, were objectively frivolous).
 
 
 2
 Third, although not raised in his tax court petition, Harrell also argued that according to a special code appearing in the Commissioner's computer files, the Commissioner incorrectly categorized him as potentially subject to certain excise taxes. At the hearing, Harrell admitted that the Commissioner was not attempting to force him to collect excise taxes and pass them along to the government. Furthermore, the Commissioner's Notice of Deficiency and accompanying exhibits showed that the calculations relied on Harrell's income from Caterpillar, and not from the collection of excise taxes. In sum, the alleged error in the computer database has no bearing on the calculation of his income tax debt whatsoever. Harrell also claims that the tax court deprived him of due process by failing to specifically request trial briefs or memoranda on this issue, which would have given him the chance to submit evidence. Although none of Harrell's documents are titled "Trial Brief" or "Memorandum," his various filings set forth the factual and legal allegations underlying his claims, including this one. The court also gave him the opportunity to submit evidence at the hearing on September 20, 1993. At the hearing, it also informed Harrell that while the case remained under submission, he could provide the court with a certain "5546 document," which he alleged would show his misclassification. (R. 9 at 9.) The case was under submission for eleven months, during which time Harrell provided nothing. Regardless, we fail to see how the tax court's alleged refusal to wait for more evidence on a completely immaterial point prejudiced Harrell.
 
 
 3
 We decline to separately address various other issues raised in Harrell's appellate brief. Suffice it to say that they are completely meritless. As for issues raised for the first time in his reply brief, such as the allegedly defective nature of the Commissioner's notice of deficiency, they are waived. Brooks v. United States, 64 F.3d 251, 257 (7th Cir.1995).
 
 
 4
 The Commissioner seeks sanctions pursuant to Federal Rule of Appellate Procedure 38. We must therefore determine whether Harrell's appeal is frivolous and, if so, whether sanctions are appropriate in this case. Lorentzen v. Anderson Pest Control, 64 F.3d 327, 331 (7th Cir.1995). The appeal is frivolous. For example, our opinion in Harrell, 13 F.3d at 235, which stated that Harrell's "citizen of Illinois" argument is frivolous, was issued on December 30, 1994. Even though it was published eleven months before Harrell filed his notice of appeal in this case, he raises the argument again. We conclude that sanctions are appropriate. Pursuant to Circuit Rule 38, Harrell shall have fifteen days to submit to this court any reasons why sanctions should not be imposed. The Commissioner shall submit to this court, also within 15 days, documentation of its attorney's fees and costs reasonably incurred in defending against this appeal.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The Commissioner cited the following amounts:
 Additions to tax:
Year Deficiency 28 U.S.C. Sec. 6651(a)(1) 28 U.S.C. Sec. 6654(a)
---- ---------- ---------------------- -------------------
1989 $2,029 $428 $119
1990 $1,909 $390 $105