No. 2--96--0833

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                                     

                              SECOND DISTRICT

________________________________________________________________

AMERICAN NATIONAL BANK AND      )  Appeal from the Circuit Court

TRUST COMPANY,                       )  of Du Page County.

                                     )

     Plaintiff,                 )  No. 94--CH--409

                                     )

v.                                   )

                                     )

ROBERT C. THOMAS; OAK BROOK     )

BANK, as Trustee under Trust    )

Agreement dated 2/25/77, and    )

known as Trust No. 8-1297; and  )

UNKNOWN OWNERS and NONRECORD    )

CLAIMANTS,                      )

                                     )  

     Defendants                 )

                                )

(Grazyna M. Thomas; Robert C.   )

Thomas, Sr.; Lynn M. Thomas     )

(Trotter); and Robert C.        )

Thomas, Jr., Third-party        )

Plaintiffs-Appellants;          )

The United States of America;   )

The Department of Treasury; and )

The Internal Revenue Service,   )  Honorable

Third-party Defendants-         )  Bonnie M. Wheaton,

Appellees).                     )  Judge, Presiding.

________________________________________________________________

     JUSTICE INGLIS delivered the opinion of the court:

     This action arose from a suit brought to quiet title to the

beneficial interest in an Illinois land trust on which third-party

defendant, the Internal Revenue Service (IRS), claims a lien for

the unpaid income taxes of third-party plaintiff, Robert C. Thomas,

Sr. (Thomas, Sr.).  Third-party plaintiffs, Thomas, Sr., Grazyna

Thomas, Robert C. Thomas, Jr., and Lynn Trotter (collectively,

plaintiffs), appeal from the order of the circuit court granting

the IRS' motion to dismiss for lack of jurisdiction pursuant to

section 2--619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2--

619(a)(1) (West 1994)).

     On February 25, 1977, Oak Brook Bank (Bank) and Dane and

Virginia Erickson established Oak Brook Bank trust No. 8-1297

(trust).  The res of the trust was a single family residence

located in Hinsdale.  The trust instrument provided:

       "No assignment of any beneficial interest hereunder shall be

       binding on the Trustee until the original or a duplicate

       copy of the assignment, in the form as the Trustee may

       approve, is lodged with the Trustee and its acceptance

       indicated thereon, and the reasonable fees of the Trustee

       for the acceptance thereof paid; and every assignment of any

       beneficial interest hereunder, the original or duplicate of

       which shall not have been lodged with the trustee, shall be

       void as to all subsequent assignees or purchasers without

       notice."

          On November 13, 1979, the Ericksons assigned the beneficial

interest in the trust to Thomas, Sr., making him the sole

beneficiary.  The assignment was lodged with and acknowledged by

the Bank on December 21, 1979.  Thomas, Sr., amended the terms of

the trust on January 31, 1980, to provide that the beneficial

interest would vest in his children upon his death; Thomas, Sr.,

still retained the full power of direction with respect to the

beneficial interest.  This amendment was also lodged with and

acknowledged by the Bank.

     On January 19, 1988, Thomas, Sr., obtained a home equity line

of credit from American National Bank which he secured by a

mortgage on the res of the trust.  The line of credit was for 5

years and renewable for a period of up to 15 years.

     On April 21, 1990, Thomas, Sr., married his current wife,

Grazyna, and assigned his entire beneficial interest in the trust

to Grazyna and his children.  The assignment form stated that an

executed copy of the form should be lodged with the Bank as trustee

and that the assignment was not binding on the trustee unless and

until the assignment was lodged with the trustee and its acceptance

was indicated thereon.  The plaintiffs never presented the

assignment form to the Bank for acceptance.

     On August 6, 1990, and on September 10, 1990, the IRS made

assessments against Thomas, Sr., for unpaid income taxes for the

years 1984 and 1985.  The IRS filed a lien against Thomas, Sr., on

May 14, 1991, for the taxes assessed against him.

     Thomas, Sr.'s home equity line of credit expired on January

19, 1993, and American National Bank refused to renew the line of

credit because of the federal tax lien.  Late in 1993 or early in

1994, Thomas, Sr., disclosed the existence of the trust and the

assignment of his beneficial interest to his wife and children to

the IRS during negotiations.  The IRS served a notice of levy on

Thomas, Sr., and the Bank on February 4, 1994, and served the Bank

with a summons to testify and produce its records concerning the

trust.  On May 10, 1994, the IRS seized the beneficial interest in

and power of direction of the trust.

     On May 25, 1994, American National Bank instituted foreclosure

proceedings against Thomas, Sr., and the Bank, seeking to foreclose

its mortgage on the res of the trust.  The next day, Grazyna and

the children filed a quiet title action against the IRS, alleging

that they owned the beneficial interest which the IRS was

wrongfully trying to levy.  Grazyna and the children and the IRS

entered an agreed order on June 2, 1994, that the IRS would not

sell the beneficial interest during the pendency of the litigation

and on August 12, 1994, the two cases were consolidated.

     The IRS informed Grazyna and the children that it believed

their state action was improper and that the only way to contest

the seizure was to bring a wrongful levy action in federal court. 

Grazyna and the children voluntarily dismissed the quiet title

action without prejudice and asked the IRS to release the levy in

a letter dated October 12, 1994.  The IRS denied their request on

November 1, 1994, by letter.  The IRS' letter indicated that

Grazyna and the children would have six months in which to bring

suit in federal court to contest the denial of their request.  They

filed their wrongful levy action on June 5, 1995, and, following

the IRS' motion to dismiss the action as untimely, voluntarily

dismissed the action on September 8, 1995.

     On August 16, 1995, the circuit court denied Grazyna and the

children's motion to reinstate the quiet title suit.  Instead, the

court gave them leave to file a third-party complaint.  On

September 6, 1995, plaintiffs filed the complaint to quiet title

which is at issue in this appeal.

     Plaintiffs alleged in their complaint that the lien and levy

against the property were invalid because the IRS failed to

advertise or sell the property in a timely manner, because the IRS

failed to record its lien against the property, and because the

property was exempt from levy as it was Thomas, Sr.'s principal

residence.  Plaintiffs also alleged in the alternative that the IRS

levy was wrongful because Grazyna and the children alone held the

beneficial interest in the land trust and because they were not

liable for Thomas, Sr.'s unpaid taxes.

     The IRS made a special appearance in the circuit court in

order to challenge the court's jurisdiction over plaintiff's suit

to quiet title.  On April 23, 1996, the IRS filed a section 2--619

motion to dismiss on the grounds that plaintiffs lacked standing to

bring a quiet title suit because the transfer of the beneficial

interest to them was invalid with respect to the IRS.  The circuit

court granted the IRS' motion to dismiss on June 17, 1996. 

Plaintiffs timely appealed.

     Our review of a dismissal pursuant to section 2--619(a)(1) is

de novo.  Village of Riverwoods v. BG Ltd. Partnership, 276 Ill.

App. 3d 720, 724 (1995).  We will dismiss the complaint only if

there exists no set of facts which could entitle the plaintiff to

recover, and we regard all well-pleaded facts in the plaintiff's

complaint as true.  Village of Riverwoods, 276 Ill. App. 3d at 724. 

We may affirm the trial court's ruling on any ground supported by

the record, even if it differs from the trial court's reasoning. 

Shramuk v. Snyder, 278 Ill. App. 3d 745, 748 (1996).

     The jurisdiction of the trial court is the only matter before

us on appeal as it was the basis upon which the IRS' motion to

dismiss was brought.  The United States, as sovereign, is immune

from suit unless it consents to be sued, and this consent is a

prerequisite to jurisdiction over the subject matter of the suit. 

Amwest Surety Insurance Co. v. United States, 28 F.3d 690, 694 (7th

Cir. 1994).  Where Congress has attached conditions to the waiver

of sovereign immunity, those conditions are strictly construed. 

Amwest, 28 F.3d at 694.

     We first examine whether the court has jurisdiction to hear

Grazyna's and the children's action to quiet title.  If, as the IRS

asserts, Thomas, Sr.'s assignment was ineffective, then Grazyna and

the children hold no title to the beneficial interest and may not

challenge the IRS' actions.  If, however, the assignment was

effective, as plaintiffs assert, then Grazyna and the children are

still barred from pursuing the present action.

     The only remedy Grazyna and the children are permitted to seek

is through a wrongful levy action.  Section 7426(a)(1) of the

Internal Revenue Code provides:

          "(1) Wrongful Levy.--If a levy has been made on property

     *** , any person (other than the person against whom is

     assessed the tax out of which such levy arose) who claims an

     interest in or lien on such property and that such property

     was wrongfully levied upon may bring a civil action against

     the United States in a district court of the United States." 

     (Emphasis added.)  26 U.S.C.A. §7426(a)(1) (West 1989).

This statute does not extend the United States' waiver of sovereign

immunity to state courts; the waiver extends only to federal

district courts.  Moreover, a wrongful levy suit is the exclusive

remedy "where suit is by a nontaxpayer third party and §7426(a)(1)

applies, and the alternative basis proffered for waiver of

sovereign immunity is an action to quiet title under §2410(a)(1)

[(28 U.S.C.A. §2410(a)(1) (West 1994))]."  Fidelity & Deposit Co.

v. City of Adelanto, 87 F.3d 334, 335 (9th Cir. 1996).  The instant

case is exactly the situation depicted in the holding of Fidelity

& Deposit, and, thus, the only action that may lie is a wrongful

levy suit under section 7426(a)(1).

     Plaintiffs assert that a quiet title suit is a proper action

to challenge an IRS levy, citing to Harrell v. United States, 13

F.3d 232 (7th Cir. 1993).  Harrell is distinguishable, however,

because the individual bringing the  action to quiet title was both

the titleholder and the taxpayer.  Harrell, 13 F.3d at 233.  Here,

however, the titleholders are not the taxpayers, but are third

parties.  Fidelity & Deposit is squarely in point and prohibits

Grazyna and the children from bringing a quiet title action. 

Fidelity & Deposit, 87 F. 3d at 335.  Assuming that Grazyna and the

children held the title to the beneficial interest and are not the

taxpayer, they may challenge the IRS' action only through a

wrongful levy suit.  Accordingly, regardless of whether or not

Grazyna and the children hold title to the beneficial interest, the

circuit court was without jurisdiction to hear their claim.  The

trial court thus correctly dismissed the action with respect to

Grazyna and the children.

     We now consider whether Thomas, Sr., may maintain the action. 

The IRS concedes that Thomas, Sr., is a proper party to bring a

quiet title action because he is the owner of the beneficial

interest.  Further, Harrell explicitly allows the taxpayer to bring

a quiet title action to challenge the IRS' lien on his property. 

Harrell, 13 F.3d at 234.  As Thomas, Sr., is the taxpayer and

conceded owner of the beneficial interest, he may properly bring a

quiet title action pursuant to the section 2410 waiver of the

government's sovereign immunity.  Accordingly, we hold that the

trial court erred by dismissing Thomas, Sr.'s quiet title action

with prejudice.  We note, parenthetically, that the action is

styled as a third-party complaint and may have been properly

dismissed as to its form.  We direct the trial court to allow

Thomas, Sr., to reinstate his quiet title action as a first-party

plaintiff.

     For the foregoing reasons, the judgment of the circuit court

of Du Page County is affirmed in part and reversed in part, and the

cause is remanded for further proceedings consistent with this

opinion.

     Affirmed in part and reversed in part; cause remanded.

     GEIGER, P.J., and McLAREN, J., concur.