Corey D. WHITE, Plaintiff,

v.

The UNITED STATES GOVERNMENT DEPARTMENT OF THE TREASURY— INTERNAL REVENUE SERVICE, Defendant.

Civil Action No. 97–3313.

United States District Court, E.D. Pennsylvania.

June 30, 1997.

Corey D. White, Philadelphia, PA, Pro se.

Karl J. Fingerhood, U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendant.

## ORDER AND MEMORANDUM

KATZ, District Judge.

**AND NOW,** this 30th day of June, 1997, upon consideration of defendant's Motion to Dismiss, plaintiff's Motion to Quash Defendant's Motion to Dismiss and to Deny, and plaintiff's Motion for a Preliminary Injunction, it is hereby **ORDERED** that defendant's Motion to Dismiss is **GRANTED,** plaintiff's Motion to Quash is **DENIED,** and plaintiff's Motion for Preliminary Injunction is **DENIED** as moot.

**1.** White states, "Plaintiff, Corey D. White, is a citizen of the Republic of Pennsylvania and is non-resident and alien to the assumed jurisdic-

### I. *Facts*

The Internal Revenue Service has been levying the wages of plaintiff Corey White in an attempt to collect his unpaid tax liability for the 1990, 1991, and 1992 tax years. *See* Def. Mot. Ex. B. Plaintiff has refused to pay his federal income tax: on his 1991 and 1992 tax returns, he claimed that his wages were "Non–Taxable Compensation," citing *Eisner v. Macomber,* 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920) as legal authority. *Id.* Ex. A. On October 21, 1996, the Internal Revenue Service assessed the plaintiff a $500 penalty for filing a frivolous return with respect to the 1990, 1991, and 1992 returns. *Id.* Exs. B, C. White was sent notices of the assessments and demands for payment. *Id.* Exs. B, C. The plaintiff was also assessed additional taxes for 1990, 1991, 1992, and 1994, and he was sent a notice of deficiency at the time this assessment was made. *Id.* Exs. B, C. Plaintiff filed this suit *pro se* in federal court, claiming that he is a citizen of Pennsylvania, not the United States, and that the IRS has violated federal law in levying his wages.[1] He has also filed for a preliminary injunction to put a stop to any further levy on his wages.

### II. *Standard*

As White is a *pro se* litigant, the allegations in his complaint must be liberally construed. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). The government has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for lack of subject matter jurisdiction under F.R.C.P. 12(b)(1) must be measured according to a different standard than a motion to dismiss under F.R.C.P. 12(b)(6). Dismissal is proper under 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991). As a

tion of the Internal Revenue Service. Defendant is the United States, as represented by the Internal Revenue Service." Compl. at 1.

result, the threshold to withstand a motion to dismiss under 12(b)(1) is lower than that required to withstand a Rule 12(b)(6) motion, and a court must not address factual and legal issues raised as issues on the merits, rather than as jurisdictional issues. *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277 (3d Cir.1993); *Kehr Packages*, 926 F.2d at 1409. When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion, whereas under Rule 12(b)(6), the defendant has the burden to demonstrate that no claim has been stated. *Id.*

A 12(b)(1) motion may take one of two forms: motions that attack the complaint on its face, or a "facial attack," and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings, or a "factual attack." *See Mortensen v. First Federal Sav. and Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir.1977). A factual attack is based on extrinsic evidence outside of the pleadings. "In a typical factual attack, the plaintiff's allegations are not controlling, but are mere evidence on the issue to be considered by the trial court." *See Rhoades v. United States*, 950 F.Supp. 623, 628 (D.Del.1996). In evaluating a factual attack under 12(b)(1), the trial court may weigh the evidence and decide whether it may hear the case. As the Third Circuit said in *Mortensen*, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." 549 F.2d at 891. Although the government has not stated whether it considers its 12(b)(1) arguments to be a facial or factual attack, it attaches a variety of exhibits and has argued that White has not presented a

cognizable claim, so this court will evaluate the 12(b)(1) motion as a factual attack.

By contrast, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court must determine whether the plaintiffs would be entitled to relief under any set of facts that could be established in support of their claims. *See Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir.1994). All allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the plaintiffs. *See id.*

### III. *Discussion*

#### 1. *12(b)(1)*

##### a. *Anti-Injunction Act*

■ White faces a number of legal barriers to his claim for injunctive relief. The United States retains its immunity from suit unless it has unequivocally expressed a waiver of its immunity. *See, e.g., United States v. Nordic Village, Inc.*, 503 U.S. 30, 31–33, 112 S.Ct. 1011, 1013–14, 117 L.Ed.2d 181 (1992). In addition, the Anti–Injunction Act bars jurisdiction for suits seeking injunctions of the collection of federal taxes. *See* 26 U.S.C. § 7421(a) (1996). As a result, unless a plaintiff can establish that he falls within an exception to the Act, a court does not have jurisdiction to enter an order affecting the assessment or collection of federal taxes. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974); *Flynn v. United States*, 786 F.2d 586, 588 (3d Cir.1986); *see also Iannelli v. Long*, 487 F.2d 317, 318 (3d Cir.1973).[2]

---

**2.** To the extent to which he may be claiming it, White does not fit within the judicial exception to the Anti–Injunction Act that was created in *Enochs v. Williams Packing*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). A taxpayer must meet two requirements for the exception to apply. First, the taxpayer must demonstrate that when the facts and law are examined in the light most favorable to the government, it must appear that the government cannot prevail on the merits. Second, there must also be an independent basis for the court to exercise its equitable jurisdiction. *Id.; Bob Jones University*, 416 U.S. at 737, 94 S.Ct. at 2046; *see also Flynn*, 786 F.2d at

589. White claims that his wages are not taxable income and that any penalties or levies against him are illegal. As discussed *infra*, White cannot establish that he can prevail on the merits. Furthermore, White cannot establish an independent basis for equitable jurisdiction, he has an adequate remedy at law: if he believes he does not owe the taxes or the frivolous return penalty, i.e., he can pay the taxes or the penalty in full, and file a claim for a refund. *See, e.g., Iannelli v. Long*, 487 F.2d 317, 318 (3d Cir.1973); *Gibbs v. Commissioner*, 673 F.Supp. 1088, 1091 (N.D.Ala. 1987), *aff'd*, 846 F.2d 754 (11th Cir.1988).

■ White claims that Section 26 U.S.C. § 6213(a), a statutory exception to the Anti–Injunction Act, applies to his case. Compl. at 6. Under § 6213(a), the I.R.S. must give notice to a taxpayer prior to initiating collection proceedings, and a taxpayer may, within ninety days after mailing of the notice, petition the Tax Court to redetermine the deficiency. *See Flynn,* 786 F.2d at 589. No levy or proceeding for collection can occur during the ninety day period, or prior to a final decision of the Tax Court. 29 U.S.C. § 6213(a). White does not appear to allege that any petition has been filed or that any proceeding is pending before the Tax Court, nor do the government's documents indicate that such a situation exists. Compl. at 6; Def. Mot. Exs., A, B, C. A taxpayer may also bring suit to enjoin the assessment of a tax deficiency if he has not been mailed a notice of deficiency and been given the opportunity for review in the Tax Court. *See Flynn,* 786 F.2d at 589; *see also* 26 U.S.C. § 6212(a). To the extent to which White challenges whether the notice itself was mailed or is somehow deficient, this court still does not have jurisdiction. White cannot obtain injunctive relief under Section 6213(a) without demonstrating both irreparable injury and no adequate remedy at law. *See Robinson v. United States,* 920 F.2d 1157, 1160 (3d Cir. 1990); *Flynn,* 786 F.2d at 590–91. White cannot demonstrate that he has no adequate legal remedy: he may pay the taxes and penalties and file a claim for a refund.

### b. *Declaratory Judgment Act*

■ To the extent White's complaint seeks declaratory relief with respect to the satisfaction of his tax liability, this court does not have jurisdiction to grant declaratory relief. A declaratory judgment may not be issued for such a case under the express terms of the Declaratory Judgment Act, 28 U.S.C. § 2201 and the case law interpreting the Declaratory Judgment Act. *See, e.g., Warren v. United States,* 874 F.2d 280, 282 (5th Cir.1989); *Latch v. United States,* 842 F.2d 1031, 1033 (9th Cir.1988).

### c. *28 U.S.C. § 2410*

■ White also calls upon 28 U.S.C. § 2410(a), or the Quiet Title Act, which waives sovereign immunity in cases that challenge the procedural regularity of a tax lien. Compl. at 7; *Robinson v. United States,* 920 F.2d 1157, 1161 (3d Cir.1990). However, the Quiet Title Act is inapplicable to White's wages that have already been paid over to the Internal Revenue Service pursuant to the lien and to wages that he has not yet earned but expects to earn in the future. *See Harrell v. United States,* 13 F.3d 232, 234 (7th Cir.1993). As to the money already paid, the government does not have a lien on the money, but title to it, and White's appropriate remedy is a refund suit. *See id.* White has no property right in the wages he has not yet earned, as any entitlement he may have to those wages will turn on his continued employment. *See id.* Without a colorable title, White cannot bring a quiet title suit. *See id.* The exclusive basis for a quiet title action by White involves any wages that White has already earned but have not yet been paid over to the government. *See id.* White has alleged several procedural irregularities in the assessment of his taxes. *See* Compl. at 4(a)-(e). However, he also challenges the validity of the underlying assessment of those taxes in claiming that he is a citizen of the state of Pennsylvania and that he is not subject to the Internal Revenue Service. *See* Compl. at 1; Pl.'s Mot., Introduction, Facts, Argument I. As the *Robinson* court noted, Section 2410(a) does not allow a taxpayer to challenge the validity of the underlying tax assessment in federal court, and White is actively seeking to do just that. *See id* at 1160–61; *Rand v. United States,* 818 F.Supp. 566, 568 (W.D.N.Y.1993); *see also Harrell,* 13 F.3d at 235; Def. Mot. Exs. A, B, C.

### 2. *12(b)(6)*

■ If the court has somehow misconstrued his claims in the course of its 12(b)(1) discussion, White's claims still must fail. White contends that his wages are not taxable income, and that as a result, any levies or penalties assessed against him by the IRS are illegal. The federal courts have repeatedly rejected the argument that wages are not taxable income and have found that such an argument is frivolous at best. *See,*

*e.g., United States v. Connor,* 898 F.2d 942, 943–44 (3d Cir.1990); *Comeaux v. United States,* 695 F.Supp. 250, 251 (W.D.La.1988); *Beckelhimer v. United States,* 623 F.Supp. 115, 115–16 (M.D.Tenn.1985).

Accordingly, White's complaint is dismissed, and his motion for a preliminary injunction is denied as moot.