Raymond QUIGLEY, Appellant,

v.

INTERNAL REVENUE SERVICE, C. I. Fox, District Director, Appellee.

No. 15584.

United States Court of Appeals District of Columbia Circuit.

Argued June 3, 1960.

Decided July 14, 1960.

---

1. Approximately one-fourth of the transcript covers evidence relating to Lyons' acts under count 7.

Mr. Wilbur W. Sewell, Washington, D. C., with whom Mr. Dewey M. Carr, Washington, D. C., was on the brief, for appellant.

Mr. Richard B. Buhrman, Atty., Dept. of Justice, with whom Asst. Atty. Gen. Charles K. Rice, Messrs. Oliver Gasch, U. S. Atty., Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant taxpayer sued to quash a levy and to enjoin further collection of income taxes assessed against him. A statute provides: "Except as provided in section · * * * 6213(a), no suit for the purpose of restraining the assessment or collection of any tax bill shall be maintained in any court." Internal Revenue Code ·of 1954, § 7421(a), 26 U.S.C.A. § 7421(a). Under § 6213(a) appellant was entitled to an injunction to restrain collection of· his tax until ninety days following the issuance of the statutory notice of deficiency specified in § 6212(a), or, if he had seasonably petitioned the Tax Court for a redetermination of the deficiency, until a final determination.[1] However, appellant waived his rights under § 6213 and consented to immediate assessment by signing Internal Revenue·Form 870.[2] He did so in the belief that he was signing Form 872, by which a taxpayer may agree to waive the statute of ·limitations, forestall the statutory notice, of deficiency, and thus pursue administrative remedies.

As appellee contends, Form 870 is in effect a contract.[3] We think appellant would therefore be entitled to relief if

---

1. Internal Revenue Code of 1954, § 6213 (a), 26 U.S.C.A. § 6213(a) provides in pertinent part:

 "Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 [pertaining to jeopardy assessments] no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day * * * period, * * * nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Not-withstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

2. Such waiver is provided for by Internal Revenue Code of 1954, § 6213(d), 26 U.S. C.A. § 6213(d):

 "The taxpayer shall at any time * * have the right, by a signed notice in writing filed with the Secretary or his delegate, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency."

3. In return for consenting to immediate assessment, the taxpayer stops the running of interest earlier than would other-

he could establish, for setting aside Form 870, grounds which normally render contracts between a citizen and the Government void or voidable.[4]

 Here the District Court found that if appellant, who could read and write and was familiar with tax matters, did not intend to agree to immediate assessment, his execution of Form 870 was a unilateral mistake of fact. We think the District Court was correct in concluding that the agreement could not be set aside on that ground.[5] Since appellant has shown no fraud or duress on the part of the Government, we think the District Court properly denied relief.[6]

The order is

Affirmed.

---

wise be the case. See United States v. Price, 1960, 361 U.S. 304, 80 S.Ct. 326, 4 L.Ed.2d 334.

4. The Government contends that we need not reach this question because appellant has not established that he is entitled to the extraordinary relief of an injunction against collection of the revenue. But we think the cases upon which the Government relies, Miller v. Standard Nut Margerine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Phillips v. Commissioner, 1931, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Hill v. Wallace, 1922, 259 U.S. 44, 42 S.Ct. 453, 66 L. Ed. 822 and Graham v. Du Pont, 1923, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965, are inapplicable here. These cases say that collection of the revenue may not be enjoined absent a showing of intolerable hardship to the taxpayer and clear illegality of the attempted assessment. We agree that neither of these elements is present here. But the discussion in these cases rests upon the assumption that Congress was attempting to collect the taxes there involved first and to litigate afterwards. Here Congress' unequivocal purpose is to prohibit collection until liability is finally assessed. Internal Revenue Code of 1954, § 6213 (a). The only exceptions to this policy appear to be (1) the taxpayer's right to consent to immediate assessment by signing a Form 870, and (2) the collector's right to levy immediately if collection would, in his opinion, be jeopardized by delay, Internal Revenue Code of 1954, § 6861.

---

5. See, e. g., G. L. Webster Co. v. Trinidad Bean & Elevator Co., 4 Cir., 1937, 92 F. 2d 177, 179 ("One can not enter into a contract and, when called upon to abide by its conditions, say that he did not read it, when he signed it, or did not know what it contained.") ; Restatement, Contracts § 503 (1932). See generally 3 Corbin, Contracts § 607 (1951). Professor Corbin points out that there are exceptions to the general rule and courts have set aside or reformed contracts, signed through ignorance of their terms, where it appeared that the other party knew or had reason to know of the mistake and had not materially changed his position in reliance. Such circumstances are not present here.

6. Compare Mitsukiyo Yosimura v. Alsup, 9 Cir., 1948, 167 F.2d 104 (treasury agents threatened alien taxpayer with interment and fines; execution of Form 870 set aside), with Monge v. Smyth, 9 Cir., 1956, 229 F.2d 361 (taxpayer executed Form 870–TS upon advice of disloyal counsel; agreement not set aside), and Daugette v. Patterson, 5 Cir., 1957, 250 F.2d 753, certiorari denied 1958, 356 U.S. 902, 78 S.Ct. 561, 2 L.Ed.2d 580, (taxpayer who entered into a compromise settlement and consented to immediate assessment estopped to challenge the agreement where Government could show it assessed the tax in good faith and would be prejudiced by revocation of the settlement).