**FLYNN, M. Rutledge,**

v.

**UNITED STATES of America by and through EGGERS, Roscoe Commissioner of Internal Revenue.**

**Appeal of M. Rutledge FLYNN.**

**No. 85–5323.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 6, 1986.

Decided March 19, 1986.

Patrick E. Dougherty, Dougherty, Mundy & Leventhal, Kingston, Pa., Edward J. Schoen, (argued), Reisinger & Associates, P.C., Wilkes-Barre, Pa., for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Wynette J. Hewett, Matthew J. Anderton, (argued), Washington, D.C., for appellee.

Before GARTH and STAPLETON, Circuit Judges, and BISSELL, District Judge*

## OPINION OF THE COURT

STAPLETON, Circuit Judge:

M. Rutledge Flynn ("Taxpayer") brought this suit in the district court to enjoin collection by the Internal Revenue Service ("The Service") of federal income taxes, penalties, and interest purportedly owed

---

* Honorable John W. Bissell, United States District Judge for the District of New Jersey, sitting

for the taxable years 1974, 1975 and 1976. Jurisdiction was predicated on 28 U.S.C. § 1340. The district court dismissed the complaint and Flynn appealed. Appellate jurisdiction exists by virtue of 28 U.S.C. § 1291. We reverse the district court's decision and remand.

### I

Taxpayer and his wife filed joint federal income tax returns for 1974, 1975 and 1976. Thereafter they were divorced. In August, 1981, the Service proposed certain adjustments to Taxpayer's tax liabilities for those years. He objected to the proposal and began negotiating with the Service in an attempt to reach a settlement. During the negotiations Taxpayer and his former spouse executed extensions of the limitations period for assessment of the taxes. The last of these extensions apparently expired on June 30, 1982.

The Taxpayer and a Service representative tentatively arrived at a satisfactory settlement, memorialized on Service Form 870-AD, which the Taxpayer signed. This form, labelled "Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and of Acceptance of Overassessment," includes the following provisions:

> [T]he undersigned offers to waive the restrictions provided in section 6213(a) of the Internal Revenue Code ... and to consent to the assessment and collection of the following deficiencies with interest as provided by law.

> .    .    .    .    .

> This offer is subject to acceptance for the Commissioner of Internal Revenue. It shall take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it shall have no force or effect.

> .    .    .    .    .

> If this offer is accepted ... the case shall not be reopened....

by designation.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses unless one spouse, acting under a power of attorney, signs as an agent for the other.

. . . . .

Taxpayer's former spouse refused to sign the form. Nonetheless, Taxpayer mailed the form to the Service in June, 1983, allegedly to show his good faith. The Service signed it on September 8, 1983, but it is not clear when the Taxpayer was informed of this acceptance. Subsequently, the Service, without first issuing a formal notice of deficiency to Taxpayer, began to collect taxes, penalties and interest for years 1974, 1975 and 1976.

## II

Before the district court, Taxpayer argued that the assessments should be restrained because he was not first issued a notice of deficiency as required by 26 U.S.C. Section 6213(a).[1] Taxpayer further argued, citing *Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954), that he was entitled to an injunction because the Service conduct violated its own procedural rules. Finally, Taxpayer argued that injunctive relief was justified under *Enochs v. Williams Packing and Navigation Company*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), because the statute of limitations absolutely bars the assessments.

The district court ruled only on the *Williams Packing* claim, which it decided in favor of the Service. The district court

1. Unless otherwise specified, all statutory references are to provisions of the Internal Revenue Code, 26 U.S.C. § 1 *et seq.*

2. Section 6213(a) states:
   Within 90 days ... after the notice of deficiency authorized in section 6212 is mailed ... the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided ... no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, 44 or 45 and no levy or proceeding in court for its collection shall be made, begun,

apparently found it unnecessary to address Taxpayer's other arguments after it found that the parol evidence rule precluded Taxpayer from introducing certain evidence necessary to those claims.

## III

### A. *THE ANTI-INJUNCTION ACT*

The government argues that the Anti-Injunction Act, Section 7421(a), which proscribes most suits instituted to enjoin the collection of taxes, bars the instant suit. Section 7421(a) states:

Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1) and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

"The object of Section 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Williams Packing*, 370 U.S. at 5, 82 S.Ct. at 1128. The Act thus insulates the collection of taxes in most cases from judicial intervention, and requires that the legal right to disputed sums be determined in a suit for refund. *Id.*

The prohibition against injunctions is not, however, absolute. In certain circumstances, the Internal Revenue Code provides for the issuance of an injunction, notwithstanding Section 7421(a). Taxpayer claims that one such statutory exception, Section 6213(a), applies here.[2]

or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

Under Section 6213(a), if the Service discovers a tax deficiency, it must give notice to the taxpayer before it can initiate collection proceedings. The taxpayer may, within ninety days after mailing of the notice, petition the Tax Court for redetermination of the deficiency. During the ninety day period, and if the taxpayer seeks redetermination, until the final decision of the Tax Court, no assessment, levy or court proceeding for the collection of the deficiency may be made or brought. A suit to enjoin the assessment of a deficiency is permissible if the taxpayer has not been mailed a notice of deficiency and afforded the opportunity for review in the Tax Court. *See Commissioner v. Shapiro,* 424 U.S. 614, 618, 96 S.Ct. 1062, 1066, 47 L.Ed.2d 278 (1976); *Sherman v. Nash,* 488 F.2d 1081, 1083–84 (3d Cir.1973); *see also Perlowin v. Sassi,* 711 F.2d 910, 911 (9th Cir.1983); *Cool Fuel, Inc. v. Connett,* 685 F.2d 309 (9th Cir.1982); *Philadelphia & Reading Corporation v. Beck,* 676 F.2d 1159 (7th Cir.1982).

A separate, judicially-created exception to Section 7421(a) was formulated by the Supreme Court in *Williams Packing:*

> [I]f it is clear that under no circumstances could the government ultimately prevail, the central purpose of the [Anti-Injunction] Act is inapplicable and ... the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely "in the guise of a tax."

*Williams Packing,* 370 U.S. at 7, 82 S.Ct. at 1129 (citations omitted).

Taxpayers must meet two independent requirements before *Williams Packing* will support a claim for injunctive relief. First, when the facts and law are examined in the light most favorable to the government, it must appear that the government cannot prevail on the merits. *Williams Packing,* 370 U.S. at 7, 82 S.Ct. at 1129. Second, because *Williams Packing* did not alter the long-established prerequisites for equitable relief, there must also be an independent basis for the court to exercise its equitable jurisdiction. *Id. See South Car-*

*olina v. Regan,* 465 U.S. 367, 374, 104 S.Ct. 1107, 1112, 79 L.Ed.2d 372 (1984); *Bob Jones University v. Simon,* 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974).

The *Williams Packing* exception to the Anti-Injunction Act is distinct from and in addition to those exceptions contained in the text of Section 7421(a) itself. *Williams Packing* recognized that where there is no basis for the government position, the government exaction is merely in the "guise of a tax." The exceptions listed in Section 7421(a), e.g., Section 6213(a), address the obverse situation where the government attempts to collect what admittedly is a tax. Thus, a taxpayer proceeding under Section 6213(a) need not satisfy *Williams Packing* in addition to the requirements imposed by Section 6213(a).

Thus, contrary to the government's position in this litigation, the *Williams Packing* prerequisite—that under the most liberal view of the law and the facts, it is apparent that the Service cannot justify its position—only applies to the judicially-crafted exception and *need not* be met when a taxpayer is proceeding under one of the statutory exceptions to Section 7421(a). Accordingly, a court, when assessing a Section 6213(a) claim, may not view the facts and law in the light most favorable to the Service, as required when reviewing a *Williams Packing* claim. Rather, the court is required to make findings of facts and law.

Finally, Taxpayer argues that there is a third relevant exception to the Anti-Injunction Act. He cites *Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954), for the proposition that an administrative agency's failure to adhere to its own internal operating procedures may justify injunctive relief to prevent injury to one who has relied on those procedures. While the teaching of the *Accardi* case provides a basis for injunctive relief in some circumstances, it does not address the issue of whether the Anti-Injunction Act may be circumvented by pointing to procedural errors in the Service's collection efforts. We find it unnecessary to resolve

that issue in this case. The only procedural defect that Taxpayer has alleged in the *collection* proceedings and, accordingly, the only possible basis for an injunction barring collection, is the failure of the Service to issue a notice of deficiency.[3] If the form Taxpayer signed did not waive the right to this notice, Taxpayer will be entitled to injunctive relief pursuant to the express provisions of Section 6213(a) and there will be no need to examine the possibility that there may be other exceptions to the Anti-Injunction Act. On the other hand, if the Service was justified in accepting the form as a valid waiver, the *Accardi* doctrine will provide no basis for injunctive relief because there will be no defect in the collection proceedings.

### B. *SECTION 6213(a)*

The Service did not contend in the court below that it had issued a notice of deficiency. Its defense to Taxpayer's Section 6213(a) claim was that the executed Form 870–AD constituted a waiver of the Taxpayer's right to such a notice. In response, Taxpayer sought to introduce parol evidence to prove that the form was *nullius juris.* Indeed, he claims that the Service knew that the form was not meant to have any legal effect. However, the district court, relying on the parol evidence rule, refused to admit evidence relevant to these factual issues. For this reason, the trial judge failed to engage in the fact-finding necessary to resolve the issue of whether Taxpayer, by signing and submitting Form 870–AD, waived notice of deficiency as permitted by Section 6213(d).[4]

Form 870–AD, which is an offer to settle, is properly treated according to principles of contract law. *See Quigley v. Internal Revenue Service,* 289 F.2d 878 (D.C. Cir.1960); *Daugette v. Patterson,* 250 F.2d 753 (5th Cir.1957), *cert. denied* 356 U.S. 902, 78 S.Ct. 561, 2 L.Ed.2d 580 (1958). Although parol evidence is usually inadmissible to alter or modify an existing contract, it is admissible to demonstrate the complete absence of agreement. *See, e.g.,* Restatement (Second) of Contracts, §§ 214, 217 (1981); *Ware v. Allen,* 128 U.S. 590, 596, 9 S.Ct. 174, 176, 32 L.Ed. 563 (1888). This is precisely Taxpayer's claim; he asserts that the excluded evidence conclusively demonstrates that the Form 870–AD never had any legal effect.[5] Therefore, the district court should have admitted the Taxpayer's evidence and resolved the disputed issues of fact relating to the waiver issue.

Contrary to Taxpayer's suggestion, however, waiver is not the only issue that the trial court will have to address on remand in connection with Taxpayer's Section 6213(a) claim. Even if the Taxpayer can show that his signing Form 870–AD did not waive his rights to notice and an opportunity to file a petition with the Tax Court, as provided for by Section 6213(a), he nonetheless cannot obtain injunctive relief unless he makes the kind of showing traditionally required as a prerequisite to equitable relief. Congress, in enacting Section 6213(a), did not repudiate the principle that injunctive relief is an extraordinary remedy which is unavailable absent a showing of irreparable injury and no adequate remedy at law. The Supreme Court made

---

3. The two procedural errors upon which Taxpayer relies in the section of his brief dealing with the *Accardi* doctrine are alleged errors in the processing of Form 870–AD. These would provide no basis for enjoining the collection of taxes absent a showing that the Service wrongfully failed to issue a notice of deficiency.

4. Section 6213(d) reads: "The taxpayer shall ... have the right ... to waive the restrictions provided in subsection (a) ...." The Service does not argue that the Taxpayer received his deficiency notice. Thus, it is necessary to determine whether Taxpayer waived notice by signing Form 870–AD.

5. Taxpayer argues that the excluded evidence would demonstrate absence of agreement in at least five different ways: (1) as the Service was aware, there was no intent to make any offer, (2) the Service initially rejected the Form 870–AD, thus terminating the offer, (3) even if the subsequent acceptance by the Service was valid, it had no effect because the Taxpayer was never notified of the acceptance, (4) the agreement failed because of the non-occurrence of an essential condition precedent, the former wife's consent, (5) mutual mistake prevented contract formation.

this clear in the *Williams Packing* case. After noting that the Anti-Injunction Act, where applicable, bars injunctive relief even in the face of a showing of irreparable injury, the Court added:

> "This is not to say, of course, that inadequacy of the legal remedy need not be established if Section 7421(a) is inapplicable; indeed, the contrary rule is well established." 370 U.S. at 6, 82 S.Ct. at 1129. (citations omitted).

■ By its own terms, Section 7421(a) does not apply to a suit for injunctive relief based on Section 6213(a). Therefore, the Taxpayer must establish the "inadequacy of the legal remedy" to prevent an irreparable injury. *See Bob Jones University*, 416 U.S. at 742 n. 16, 94 S.Ct. at 2048 n. 16; *Dows v. City of Chicago*, 78 U.S. (11 Wall) 108, 109–110, 20 L.Ed. 65 (1871); *Perlowin v. Sassi*, 711 F.2d 910, 912 (9th Cir.1983); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 (9th Cir.1982); *Philadelphia & Reading Corporation v. Beck*, 676 F.2d 1159, 1163 (7th Cir.1982); *see also, Rondeau v. Mosinee Paper Corporation*, 422 U.S. 49, 57–65, 95 S.Ct. 2069, 2075, 2079, 45 L.Ed.2d 12 (1975); *Sherman v. Nash*, 488 F.2d 1081, 1085 (3d Cir.1973) (action to restrain assessment under Section 6213(a) is an action seeking equitable relief).[6]

Moreover, we are mindful of the Supreme Court's admonition that, absent a clear Congressional statement, we should not infer that Congress intended to alter equity practices. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–13, 102 S.Ct. 1798, 1802–04, 72 L.Ed.2d 91 (1982). Section 6213(a) states that a court "may" grant injunctive relief. Congress's use of the conditional suggests that such relief is not mandatory in every case where the Service fails to honor the notice provisions.

If equitable relief is not mandatory in all such cases, but instead lies within the discretion of the court, there is no reason to cast off those principles that traditionally have informed the exercise of a court's broad equity powers.

## C. *THE WILLIAMS PACKING CLAIM*

The Taxpayer also argues that he is entitled to relief based on the judicially-crafted exception to the Anti-Injunction Act of *Williams Packing*. He argues that the relevant statute of limitations and all extensions thereto expired before the Service began its assessments, completely barring the Service from recovering the disputed amounts. *See* Section 6501(a). In response, the Service says that it was proceeding in good faith because Taxpayer waived the defense of limitations by executing Form 870–AD.[7] Alternatively, the Service asserts that because Taxpayer's tax returns were fraudulent, the statute of limitations remains open. *See* Section 6501(c)(1).

■ While we have considerable doubt whether Taxpayer will be able to satisfy the requirements of *Williams Packing*, we cannot rule out that possibility without knowledge of the evidence which the trial court declined to consider. We emphasize again, however, that a Taxpayer's burden under *Williams Packing* is very substantial; he must show that, when the facts and law are viewed in the light most favorable to the Service, it is clear that the Service will be unable to prevail in its contentions. Moreover, he must also show that equitable relief is appropriate. *See, e.g., Williams Packing*, 370 U.S. at 6, 82 S.Ct. at 1128; *Pizzarello v. United States*, 408 F.2d 579, 587 (2d Cir.), *cert. denied* 396

---

6. Although economic harm is usually insufficient to establish irreparable injury, in some cases, e.g., ruination or forced sale of a taxpayer's business, it will provide grounds for the exercise of a court's equity powers. *Williams Packing*, 370 U.S. at 6, 82 S.Ct. at 1128; *see Pizzarello v. United States*, 408 F.2d 579, 587 (2d Cir.), *cert. denied* 396 U.S. 986, 90 S.Ct. 481, 24 L.Ed.2d 450 (1969).

7. Contrary to Taxpayer's suggestion, we perceive no reason why a valid Form 870–AD settlement could not effectively foreclose all objection to the imposition of the agreed upon taxes, including those based on limitations.

U.S. 986, 90 S.Ct. 481, 24 L.Ed.2d 450
(1969).[8]

## IV

On remand, the district court will take evidence on and resolve the issue of whether Taxpayer waived his right to a notice of deficiency. If he did not, the court will determine whether a basis for equitable relief has been established. If so, appropriate relief should be granted under Section 6213(a).

Because the Service is entitled to judgment on a *Williams Packing* claim if it demonstrates that it has a position which it can litigate in good faith, it is normally not necessary that such claims be tried. On remand, the district judge may be able to dispose of Taxpayer's *Williams Packing* claim through summary judgment proceedings or on the basis of a proffer by Taxpayer and a responsive proffer by the Service. Since the Taxpayer's Section 6213(a) claim will necessitate a trial of issues that will also be relevant to the *Williams Packing* claim, however, the trial court may choose to wait and rule upon the latter claim based on the record developed at the evidentiary hearing. We leave that to the district court's discretion.

The judgment below will be vacated and this case will be remanded for further proceedings consistent with this opinion.

---

8. On appeal Flynn urges that he was entitled to a jury trial. Our examination of the record discloses no merit to this contention.