**Frank H. WHEATON, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 95–2279.**

United States District Court,
D. New Jersey.

June 13, 1995.

---

Cooper Perskie April Niedelman Wagenheim & Levenson, P.A. by Ronald A. Wagenheim, Atlantic City, NJ, for plaintiff.

Faith S. Hochberg, U.S. Atty. by Karl J. Fingerhood (argued), Charles M. Flesch, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

## OPINION

IRENAS, District Judge:

The current action for injunctive relief stems out of tax penalties assessed by the Internal Revenue Service ("IRS") against plaintiff for failure to report income allegedly derived from the ownership of certain foreign corporations. As a result of an audit of plaintiff's personal tax returns from 1979 to 1990, the IRS concluded that plaintiff had a controlling interest in fifteen foreign corporations scattered throughout the Caribbean and South America. Plaintiff admitted ownership of five of these corporations, and reported all necessary information on Form 5471 as required by I.R.C. § 6038(a). The penalties at issue here involve plaintiff's fail-

ure to file Form 5471 for the ten remaining corporations, which plaintiff denies owning.

On October 25, 1990, plaintiff received a letter from the IRS informing him of his obligation to file Form 5471 for the ownership of foreign corporations, and describing the penalties imposed by I.R.C. § 6038(b) and Treas.Reg 1.6038–2 for failure to file. (Plaintiff's Ex. "A".) Plaintiff received a follow-up letter on September 22, 1992, which specifically requested that plaintiff file a Form 5471 with respect to Caribe International, a company in which plaintiff denies holding a controlling interest. On May 11, 1993, plaintiff received another letter requesting that he file Form 5471 for fifteen foreign corporations, (Plaintiff's Ex. "F"), although plaintiff denies ownership of ten of the corporations and alleges that he filed Form 5471 for the remaining five. At some point, the audit examiner prepared a report indicating that plaintiff should be assessed $2,950,000 in penalties for failure to file Form 5471 over the course of nine years. (Plaintiff's Ex. "C".) Plaintiff alleges that he did not receive a copy of this report until July 14, 1994.

On June 29, 1993, pursuant to I.R.C. § 6212, the IRS issued statutory Notices of Deficiency to both plaintiff and Dorchester Industries Inc., a foreign corporation of which plaintiff admits ownership. While the notice to Dorchester indicated that pursuant to Treas.Reg. 1.6038–2(k)(2), its foreign tax credit was reduced by 10% for failure to file Form 5471, (Plaintiff's Ex. "E"), the notice to plaintiff, which enumerated deficiencies from 1979 to 1988, did not mention penalties for failure to file Form 5471, (Plaintiff's Ex. "D"). Plaintiff alleges that he timely filed a petition with the United States Tax Court ("Tax Court") to challenge this deficiency, which stayed collection of the deficiency pending the Tax Court's final determination. See I.R.C. § 6213(a).

Plaintiff then alleges that on August 2, 1993, he received a penalty assessment for failure to file Form 5471 in 1983, and that on August 16, 1993, he received both: (1) a penalty assessment for failure to file form 5471 for the years 1982, 1983, 1985, 1986, 1987, and 1988; and (2) a Notice of Penalty Charges for $350,000 for each of the years 1982, 1984, 1985, and 1986, $250,000 for 1987 and 1988, and that the figure for 1983 was not provided. (Complaint at ¶¶ 16–18.) Plaintiff also alleges that he requested an abatement of these penalties, (Id. at ¶ 21), although the record does not contain proof to support these allegations. The record does indicate that on September 24, 1993, the IRS wrote plaintiff a letter indicating the IRS's position that plaintiff owned the ten contested foreign corporations and was liable for failure to file Form 5471 in connection with these corporations. (Plaintiff's Ex. "G"). On October 18, 1993, the IRS notified plaintiff that his request for an abatement had been denied.

On October 8, 1993, plaintiff received a second Notice of Deficiency for the IRS for 1989. Once again, the notice of deficiency made no mention of penalties for failure to file Form 5471. Plaintiff once again challenged the deficiency in the Tax Court. Furthermore, the record indicates that on October 25, 1993, a $250,000 penalty for failure to file Form 5471 in 1989 was assessed against plaintiff. (See Plaintiff's Ex. "K".)

Robert Bencie, plaintiff's accountant, indicates that on November 8, 1993, he filed with the IRS a challenge to the penalties assessed against plaintiff for failure to file Form 5471, (Plaintiff's Ex. "I", Bencie Aff. at ¶ 3), although it is unclear exactly which penalties were challenged in that proceeding. In any case, on March 25, 1994, Bencie received a call from the IRS Appeals Officer, who stated that he would not address the penalties until completion of the Tax Court case. (Id. at ¶ 4.) However, by letter dated March 20, 1995, the Appeals Officer indicated that the penalties would be abated in the amount of $480,000, all of which related to the five corporations in which plaintiff admits ownership. (Id. at ¶¶ 5–6; Plaintiff's Ex. "L".) The Appeals Officer deferred ruling on three other corporations because plaintiff's ownership of them was at issue in the matter before the Tax Court, and simply refused to reach the merits on the seven remaining corporations. (Id. at ¶ 6.) Bencie also states that the IRS to date has refused to provide plaintiff with any information regarding his

alleged ownership of these seven corporations. (*Id.* at ¶ 7.)

On September 9, 1994, plaintiff received a third Notice of Deficiency for 1990. (Plaintiff's Ex. "J".) The notice once again did not refer to penalties under § 6038(b) and plaintiff once again challenged the notice in the Tax Court. On September 12, 1994, plaintiff received a third penalty assessment for failure to file Form 5471 in 1990, (Complaint at ¶ 27), although once again there is no evidence of this assessment in the record.

On November 17, 1994, the IRS filed a federal tax lien against plaintiff in the amount of $2,599,432.39 for failure to pay penalties pursuant to § 6038(b). (Plaintiff's Ex. "K".) On March 17, 1995, the IRS served a Notice of Levy on Wheaton, Inc., in the amount of $2,940,848.11, representing the above figure plus statutory additions. (Plaintiff's Ex. "M".) Plaintiff also alleges that the IRS intends to initiate further collection activities against him in the next few weeks. (Complaint at ¶ 32.)

Plaintiff claims that by omitting the § 6038(b) penalties from the notice of deficiency, the IRS has subverted his right to challenge the assessment in the Tax Court and concomitant right to a stay of enforcement proceedings pending the final decision of that court. Furthermore, the Appeals Officer has indicated that he will not address plaintiff's claim that he does not control the ten corporations until the Tax Court proceeding is complete, so plaintiff is faced with collection activities by the IRS without any opportunity for review. Plaintiff also claims that he cannot afford to pay the full penalty assessment and file a claim for refund of the amount. (Wheaton Aff. at ¶ 5). He therefore seeks a preliminary injunction (1) compelling the government to remove all tax liens filed against him, (2) preventing any further collection proceedings against him, including the filing of any levies or the enforcement of any tax liens previously filed, and (3) compelling the government to adjudicate the § 6038(b) penalties in the case currently pending before the Tax Court.

## ANALYSIS

The government argues that plaintiff's action is barred by the Tax Anti–Injunction Act, 26 U.S.C. § 7421. That section provides, in relevant part:

> Except as provided in sections 6212(a) and (c), 6213(a), ... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). Plaintiff argues that both statutory and judicial exceptions to the Anti–Injunction Act apply here.

Plaintiff first argues that the statutory exceptions to the Anti–Injunction Act apply because the § 6038(b) penalties were not included in the deficiency notices. Under §§ 6211–13 a taxpayer is entitled to (1) a statutory notice of deficiency for any deficiencies assessed (§ 6212(a)), (2) the right to challenge any deficiency in the Tax Court within ninety days of the notice and a stay of enforcement while the challenge is pending (§ 6213(a)), and (3) to the assessment of no further deficiencies for a tax year once deficiencies for that year were challenged in the Tax Court (§ 6212(c)). If the § 6038(b) penalties were subject to these provisions, the action is outside the Anti–Injunction Act.

However, §§ 6211–13 apply only to "deficiencies" as defined by those sections. The definition of "deficiency" in § 6211 pertains only to "income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44." §§ 6212(a), 6212(c), and 6213(a) also adopt this definition of "deficiency." Penalties under § 6038(b) fall under subtitle F, chapter 61. Therefore, these penalties are not subject to the jurisdiction of the Tax Court, and not within the statutory exception to the Anti–Injunction Act. *Compare Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976) (jeopardy termination of tax year pursuant to I.R.C. § 6851 does not take income tax assessed for that year outside the definition of "deficiency").

Plaintiff also argues that the instant case falls within the statutory exception because

defendant issued deficiency notices for the years in question and bifurcated the § 6038(b) penalties from them. Indeed, Dorchester's foreign tax credit reduction under § 6038(b) was included in its notice of deficiency, but those penalties were not in the notices sent to plaintiff.

■ Plaintiff has not, however, cited any authority to support this argument, and his analogy to late penalties pursuant to I.R.C. § 6651 is inapplicable to this case. Late penalties generally are not "deficiencies" and therefore not subject to the notice requirements of I.R.C. §§ 6211–13, even where plaintiff has challenged deficiencies for that year in the Tax Court. *Brunwasser v. Davis,* 89–1 USTC ¶ 9241, 1989 WL 62200, at *1–*2 (W.D.Pa.1989); *Estate of Scarangella v. Commissioner,* 60 T.C. 184 (1973). However, the deficiency notice provisions do apply "to that portion of [a § 6651] addition which is attributable to a deficiency in tax described in section 6211." I.R.C. § 6665(b)(1).

■ § 6038(b) additions also are not subject to the deficiency notice rules, and there is no provision making them so when they are "attributable to a deficiency." Furthermore, Dorchester's foreign tax credit came pursuant to 26 U.S.C. § 901, subtitle A, chapter 1, a provision that is subject to the notice requirements and Tax Court jurisdiction of §§ 6211–13, so the IRS was required to include the § 6038(b) reduction in the notice of deficiency. Plaintiff's penalties for failure to file Form 5471 are outside the statutory exception to the Anti–Injunction Act.

■ Plaintiff next argues that the judicially-created exception to the Anti–Injunction Act applies. Courts have recognized an exception to the Anti–Injunction Act where (1) viewing the facts and law in the light most favorable to the government, it appears that the government cannot prevail on the merits, and (2) movant meets the standard prerequisites for equitable relief, such as the absence of a remedy at law. *Enochs v. Williams Packing Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Bob Jones Univ. v. Simon,* 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974); *Flynn v.*

*United States,* 786 F.2d 586, 589 (3d Cir. 1986).

■ As to the three corporations at issue in the Tax Court proceeding, petitioner has not on the current record met the first prong of the test. The operative dispute is whether plaintiff holds a controlling ownership in ten foreign corporations, and another court in this district has already found "no evidence refuting" the IRS's assertion that plaintiff exercised control over these corporations. *United States v. Wheaton,* 791 F.Supp. 103, 107 (D.N.J.1992) (Brotman, J.).

As to the remaining seven corporations, there is currently no evidence before the Court that would allow it to determine whether plaintiff controls these corporations. Normally, this would defeat plaintiff's claim, because plaintiff bears the burden of showing that the prerequisites to the *Williams Packing* exceptions to the Anti–Injunction Act are met. *Flynn,* 786 F.2d at 589. Plaintiff, however, argues that the government has not come forward with any evidence to support its claim that plaintiff controls these corporations, leaving plaintiff with the onerous burden of proving the negative that he does not own the corporations.

■ Normally, the burden of proof in a challenge to federal taxes lies with the taxpayer. *Williams v. Commissioner,* 92 T.C. 920, 934 (1989); *Kamholz v. Commissioner,* 94 T.C. 11, 16 (1990). One reason for this rule is because "the facts and figures on which tax liability rests are peculiarly within the taxpayer's knowledge." *Williams,* 92 T.C. at 936 (citing *Campbell v. United States,* 365 U.S. 85, 96, 81 S.Ct. 421, 427, 5 L.Ed.2d 428 (1961)). However, where information lies within the control of the government, courts have held that if the taxpayer makes a "plausible and believable" request for relief, the burden of proof may then shift to the government. *Williams,* 92 T.C. at 935; *Kamholz,* 94 T.C. at 15.

■ Even if the Court were to apply this rule here, plaintiff has not at this stage made a "plausible and believable" assertion that, viewing the facts and law most favorably to the government, the government is certain to fail on the merits of its case. In his affidavit,

plaintiff simply denies control over the ten foreign corporations as that term is used in I.R.C. § 6038. (Wheaton Aff. at ¶ 3.) Although in theory this allegation may be plausible and believable, the Court does not deem it sufficient to shift the burden of proof to the government in a case otherwise barred by the Anti–Injunction Act. Instead, plaintiff must come forward with information known or reasonably accessible to him regarding his knowledge of or ownership interest in the foreign corporations. While the Court will not rule out the possibility that plaintiff could make such a showing at a later date, he has not done so for the purposes of the current motion.

Plaintiff's only remaining avenue to challenge the § 6038(b) penalty is to pay the amount at issue and then sue for a refund. *See* 28 U.S.C. § 1346(a). *See also Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (suit under § 1346(a) requires prepayment of amount at issue); *Miskovsky v. United States,* 414 F.2d 954, 956 (3d Cir.1969) (same). The Court recognizes that this leaves plaintiff in the position of paying a substantial tax penalty without prepayment review, but this is the remedy mandated by the Anti–Injunction Act. *See Iannelli v. Long,* 487 F.2d 317, 318 (3d Cir.1973) (Anti–Injunction Act "reflects an evident purpose to protect the public revenue from court imposed delays in the collection of taxes, leaving aggrieved taxpayers to sue for refunds of any amounts improperly collected."). Because plaintiff has not shown that the Anti–Injunction Act does not apply to this case, the motion for preliminary relief will be denied.[1]

## CONCLUSION

Because plaintiff has not shown that the Anti–Injunction Act does not apply to this

case, his motion for a preliminary injunction will be denied.

An appropriate order will enter on even date herewith.

1. Apparently plaintiff did have some form of prepayment review in the form of a hearing before the Appeals Officer. Plaintiff alleges that the Appeals Officer improperly put off review of the penalties at issue pending resolution of the Tax Court matters. However, plaintiff has not argued that the IRS failed to adhere to Treas.Reg. § 601.106 governing appeals. *See Flynn,* 786 F.2d at 589 (IRS failure to comply with internal regulations may provide exception to the Anti–Injunction Act) (citing *Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954)). Indeed, the regulations appear to contemplate that where an Appeals Officer takes action adverse to the taxpayer in a case not subject to the notice of deficiency requirements, the taxpayer's only remaining recourse is to pay the tax and sue for a refund. Treas.Reg. § 601.106(d)(2)(iii).