T.C. Summary Opinion 2003-34


UNITED STATES TAX COURT


CARL STUART BRANDON AND ANN STUART BRANDON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4645-02S.              Filed April 7, 2003.


Carl Stuart Brandon and Ann Stuart Brandon, pro sese.

<u>Marc L. Caine</u> and <u>Maureen T. O'Brien</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. Pursuant to section 6330(d),[1] petitioners seek review of respondent's determination to proceed with collection of their tax liabilities of $548.41 for 1993 and $12,451.82 for 1997. The issue for decision is whether all amounts that are the subject of respondent's collection action have already been paid by petitioners.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Randolph Center, Vermont.

Background

Petitioners' Federal income tax return for 1991 was filed on March 6, 1995. Their return for 1992 was filed on June 27, 1995. The returns for 1993 and 1994 were filed on January 16, 1996. The 1995 tax return was filed April 10, 1997. The 1996, 1997, and 1998 returns were filed timely, and the 1999 return was filed on April 21, 2000. Petitioners submitted for 1991 a Form 1040X, Amended U.S. Individual Income Tax Return, claiming a credit of

---

[1]Sec. 6330 was enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 746. Sec. 6330 is effective with respect to collection actions initiated more than 180 days after July 22, 1998; i.e., after Jan. 18, 1999. See RRA 1998 sec. 3401(d), 112 Stat. 750.

$8,742 that was received on August 14, 1995.  Petitioners did not fully remit the tax shown on some of the returns at the time the returns were filed.

On March 14, 1997, petitioners received from respondent a so-called 30-day letter from the Commissioner's Examination division proposing adjustments to petitioners' returns for the years 1991 through 1994.  Petitioners, by letter dated April 3, 1997, informed the Commissioner that they disagreed with the proposed adjustments and requested an Appeals conference. Petitioners and the Appeals officer handling their case reached a settlement agreement with respect to the proposed adjustments to their tax returns for 1991 through 1994.  On November 6, 1998, petitioners signed a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, for tax years 1991 through 1994.  They agreed to an increase in tax of $4,899 for 1991, no increase for 1992, an increase in tax of $5,800 and an addition to tax under section 6651(a) of $649 for 1993, and for 1994 an increase in tax of $6,468 and an addition to tax under section 6651(a) of $1,379. The Appeals officer explained to petitioners that by signing the Form 870, they consented to the assessment and collection of the deficiencies (including increases in tax and penalties) and waived the right to petition the Tax Court to redetermine the deficiencies.  Petitioners were provided the opportunity to

examine the form, and in fact they took the opportunity to review it before they signed it.

On December 3, 1998, petitioners signed a Form 3363, Acceptance of Proposed Disallowance of Claim for Refund or Credit. The form disallowed their claim for refund or credit in the amount of $8,742 on the Form 1040X submitted on August 14, 1995, for the 1991 tax year. The form states that the Internal Revenue Service (IRS) will not consider the subject claim but that the taxpayer retains the right to sue the IRS on the disallowance. Also on December 3, 1998, petitioners signed Form 2297, Waiver of Statutory Notification of Claim Disallowance. The waiver informs the signatories that it begins the 2-year period for filing suit for refund of the disallowed claim.

On April 12, 1999, the IRS sent to petitioners a letter for each of the years 1991, 1993, and 1994, advising them of an "increase in tax because of examination action". The letters demanded payment for taxes, penalties, and interest related to the agreed deficiencies listed on the Form 870 that petitioners signed on November 6, 1998.

On June 2, 2000, the IRS sent to petitioners a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing for unpaid amount of tax of $9,767.04 for 1997 and "additional penalty and interest" of $548.41 for 1993 and $2,684.78 for 1997. Petitioners asked for and received a hearing under section 6330.

## Discussion

The positions of the parties are simple and diametrically opposed: Respondent has determined the amounts at issue to be outstanding, while petitioners state that the amounts have been paid.

Upon review of the record, the Court finds that there are two controversial items on which this case turns. The first is: What is the effect, if any, of the amended return submitted on August 14, 1995, for the 1991 tax year claiming an overpayment credit of $8,742? The second is: What is the significance of petitioners' claims of estimated tax payments of $11,062 on their 1995 return and $4,908 on their 1996 return?

Because petitioners failed to take advantage of their opportunity to dispute their tax liability for 1993, they may not do so now. See sec. 301.6330-1(e)(3), Q&A-E2, (f)(1), Q&A-F5, Proced. & Admin. Regs.; see also Aguirre v. Commissioner, 117 T.C. 324 (2001). Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). It has been held that discretion can be abused by neglecting a significant relevant factor, by giving weight to an irrelevant factor, or by considering only the proper factors but nevertheless making a

clear error in judging their weight.  <u>Henry v. INS</u>, 74 F.3d 1, 4 (1st Cir. 1996).

<u>The Amended Return and Tax Year 1993</u>[2]

Petitioners argue that they believed that as part of their settlement of the deficiencies proposed for 1991 through 1994, the $8,742 overpayment credit claimed on the amended return for 1991 would be applied to their outstanding tax liabilities, in particular to tax year 1993.[3]  As petitioners put it, "The agreement to the disallowance" was signed by them "only in the context of the overall settlement."

Petitioners argue that if the "disallowed $8,742" was intended to be paid, in addition to the agreed upon deficiencies, the total would be more than the original deficiencies proposed by the Examination division.  "No reasonable person would settle an appeal for more than the original amount appealed," they argue.  The fallacy in this argument is that the deficiency

_____

[2]RRA 1998 sec. 3001, 112 Stat. 726, added sec. 7491, which shifts the burden of proof to the Secretary in certain circumstances.  Sec. 7491, however, is applicable to "court proceedings arising in connection with examinations commencing after the date of the enactment of this Act."  RRA 1998 sec. 3001(c), 112 Stat. 727.  The RRA was enacted on July 22, 1998, while the examination of the 1991 through 1994 years in this case was in 1997.

[3]Petitioner Carl Brandon testified that he applied the $8,742 credit claimed in 1995 on the amended return for 1991 toward payment of the tax liability shown on his 1993 joint return that was filed in 1996.

amounts and the claim for refund or credit are separate and distinct items. See secs. 6211, 6212, 6402, 7422. A reasonable person might, as petitioners did, compromise one and not the other so as to avoid full liability for both.

The effect of the Form 3363, Acceptance of Proposed Disallowance of Claim for Refund or Credit, is not changed simply because petitioners signed it "only in the context of the overall settlement". The form states that the IRS will not consider the claim but that the taxpayer retains the right to sue IRS "on the disallowance." Petitioners, who state that they consulted an accountant about the form, knew or should have known that the claimed credit would not be allowed. They knew or should have known that the disallowed credit would not offset their tax liability for 1993 or any other year. There may have been a unilateral mistake by petitioners as to the effect of their agreement. Without more, however, a unilateral mistake by a party to a settlement agreement is not a basis for voiding the agreement. See Korangy v. Commissioner, 893 F.2d 69 (4th Cir. 1990), affg. T.C. Memo. 1989-2; Quigley v. IRS, 289 F.2d 878 (D.C. Cir. 1960).

Further, a refusal by petitioners to sign the Forms 2297 and 3363 would not prevent the IRS from denying their claim for the credit. Petitioners' signing of Forms 3363 and 2297 served only to accelerate the running of the period of limitations on, as

well as the first permissible date for filing a suit for, the claimed credit for overpayment.  See sec. 6532.

Payment for Tax Year 1997

Because petitioners do not challenge the validity of the underlying tax liability for 1997, the Court reviews respondent's determination as to that year only for abuse of discretion.  See Sego v. Commissioner, supra.

Petitioners filed their 1997 return on October 15, 1998, with a remittance of $1,100 but showing a tax due of $12,965. The return claimed a withholding tax credit of $675 and an amount of "1997 estimated tax payments and amount applied from 1996 return" of $11,190.  Carl Brandon (petitioner) testified that the liability for 1997 should have been satisfied by the "carry-forward" of the "backup withholding" for 1995 and 1996.

Petitioners filed returns showing estimated tax payments of $11,062 for 1995 and $4,908 for 1996.  Petitioners claimed refunds of $6,105 for 1995 and $5,085 for 1996, "but they never came", petitioner testified.  According to petitioner, "I then requested that they be applied to the 1997 return in my April 15, 1998, letter."  The sum of the net amounts shown on the returns as refunds due to petitioners for 1995 and 1996 is $11,190.

Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters, were stipulated by the parties.  The forms for 1995 and 1996 show no indication of the "backup withholding" for

1995 and 1996 alleged by petitioners or the estimated tax payments shown on their returns. A portion of the $6,619 tax liability shown on the return for 1995 was satisfied by an overpayment credit from 1994 of $5,601.66. Petitioners had previously made a $14,808 payment by check on January 16, 1996, and designated that it be applied to tax years 1993 and 1994.

Taxpayers are required to substantiate the deductions and credits that they claim on their returns by maintaining records necessary to establish both the amount and their entitlement to such items. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.; see Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); see also sec. 7491(a)(2)(A) and (B).[4]

The parties stipulated copies of two letters written by petitioner and addressed to the IRS office in Boston, Massachusetts. In the letter dated June 16, 1997, petitioner acknowledged receipt of tax change notices for 1995 and 1996 and a request for payment of 1995 tax, penalty, and interest.

---

[4]Because petitioners have not met the requirements of sec. 7491(a)(2), they retain the burden of proof on this issue.

In both letters, petitioner complained that the IRS had given no credit or refund for the "backup withholding" shown on the returns for 1995 and 1996.

Petitioners' only documentation of the overpayments of their 1995 and 1996 tax liabilities is the returns themselves. Petitioners' returns, however, are merely statements of their claims that may not be accepted as proof of the existence and amount of the items claimed. Wilkinson v. Commissioner, 71 T.C. 633 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974); Halle v. Commissioner, 7 T.C. 245 (1946), affd. 175 F.2d 500 (2d Cir. 1949). There is no independent evidence in the record showing payments of "backup withholding" or estimated tax payments sufficient to create overpayments for 1995 and 1996 that could be credited to petitioners' tax liability for 1997.

The Court finds that respondent correctly determined that collection actions should proceed. Other arguments raised by petitioners are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.