

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2007

# Zarra v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Zarra v. USA" (2007). *2007 Decisions.* Paper 212.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4374
_____

JOHN A. ZARRA, JR.;
MARSHA A. ZARRA his wife,

Appellants

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-00419)
District Judge:  Honorable Joy F. Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
September 28, 2007

Before:  McKEE, BARRY and FISHER, *Circuit Judges*.

(Filed: November 15, 2007 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

John and Marsha Zarra ("the Zarras") instituted a lawsuit in the United States

District Court for the Western District of Pennsylvania seeking to enjoin the Internal

Revenue Service ("IRS") from pursuing collection procedures for the Zarras' disputed unpaid tax liability from 1999. Although the Zarras argued that an injunction was permissible under the exception to the Anti-Injunction Act announced in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962), the District Court disagreed. Instead, the District Court determined that the Zarras could not establish the first prong of the *Williams Packing* exception, which requires proof that the IRS could not prevail on the merits of the claim. The District Court thus dismissed the complaint, finding that the Anti-Injunction Act deprived it of subject matter jurisdiction. For the reasons that follow, we will affirm the order of the District Court.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In April 2000, the Zarras timely submitted a check to the IRS to pay their 1999 tax liability of $179,501.00. Although the check was written for $179,501.00, the IRS's bank recorded the check as $179.50, so the Zarras' bank only paid $179.50 to the IRS.

The Zarras became aware of the mistake when they received their monthly bank statement in May 2000. Mrs. Zarra contacted the IRS in June and July of 2000, seeking to rectify the error. However, in September 2000, the IRS sent notice to the Zarras and demanded payment of the difference, plus additional penalties and interest. The Zarras

2

contacted the IRS a third time and sought to correct the error, but to no avail. In July 2001, the IRS sent notice to the Zarras that their tax refund for the year 2000 was being withheld and would be applied to the outstanding balance from their 1999 tax liability.

In March 2006, the Zarras filed suit in District Court to enjoin the IRS from initiating collection procedures, alleging that their tender of a check for $179,501.00 to the IRS discharged them of their 1999 tax liability. The IRS filed a motion to dismiss the complaint, arguing that the Anti-Injunction Act precluded the District Court from exercising subject matter jurisdiction.

In September 2006, the District Court granted the IRS's motion to dismiss. The Zarras filed this timely appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review when the District Court dismisses a case for lack of subject matter jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## III.

The Zarras argue that the District Court improperly dismissed their claim because the *Williams Packing* exception to the Anti-Injunction Act applies. We disagree.

The Anti-Injunction Act provides, with limited exceptions, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to

3

permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Williams Packing*, 370 U.S. at 7.

In *Williams Packing*, the Supreme Court crafted a judicial exception to the Anti-Injunction Act. *Id.* This exception permits a taxpayer to seek an injunction in a District Court barring the collection of taxes if the taxpayer is able to demonstrate two factors: (1) that "under the most liberal view of the law and the facts, the United States cannot establish [the merits of] its claim," and (2) that there is an independent basis for the District Court to exercise "equity jurisdiction," or put differently, the taxpayer must show that he or she will suffer "irreparable injury" without injunctive relief. *Id.*; *see also Commissioner v. Shapiro*, 424 U.S. 614, 627 (1976); *Flynn v. United States ex rel. Eggers*, 786 F.2d 586, 589 (3d Cir. 1986). The taxpayer's burden of proof under the *Williams Packing* exception is "very substantial[.]" *Flynn*, 786 F.2d at 591. However, if a taxpayer cannot establish either a statutory or judicial exception to the Anti-Injunction Act, then the District Court lacks subject matter jurisdiction and must dismiss the complaint. *Williams Packing*, 370 U.S. at 7.

The Zarras assert that they satisfy the first prong of the *Williams Packing* exception by showing that the IRS could not prevail on the merits. They argue that their 1999 tax liability was discharged when the IRS mistakenly underencoded their $179,501.00 check for $179.50, and that because it was the IRS's gross negligence that

4

caused the events precipitating this action, the IRS would not be able to prevail in an action seeking the outstanding tax liability.[1]

However, the District Court properly determined that upon "the most liberal view of the law and the facts," the IRS could prevail on the merits of its 1999 tax collection claim. *See id.* Despite the mistaken encoding of the check, the Zarras' underlying tax liability has not been discharged. The Zarras still owe the difference between the $179,501.00 liability and the $179.50 actually remitted to the government, plus penalties and interest that have accrued since payment was due. The District Court properly determined that the mistaken encoding does not suffice to discharge the Zarras' underlying tax liability for 1999. Therefore, the Zarras cannot establish that under no circumstances could the IRS prevail on the merits of the case, and thus the first prong of the *Williams Packing* exception has not been satisfied.[2] As a result, this exception to the Anti-Injunction Act is inapplicable here, and the District Court properly dismissed the Zarras' complaint for lack of subject matter jurisdiction.

---

[1]The Zarras also contend that any accrued interest or penalties should be paid by either Mellon Bank (the payor bank), Bank One (the depository bank), or that the IRS should suffer the loss due to the various defenses available under the Pennsylvania Uniform Commercial Code. However, the banks' liability is not before us here, and because the IRS may succeed on the merits of the claim, we need not reach the question of the IRS's liability.

[2]The Zarras also allege that they meet the second prong of the *Williams Packing* exception, because they will face "irreparable injury" if forced to pay the disputed liability. Because the Zarras failed to prove that under no circumstances could the IRS prevail (the first prong), we need not reach their argument regarding irreparable injury (the second prong).

IV.

For the foregoing reasons, we will affirm the order of the District Court.